REYNOLDS, CARONIA, GIANELLI & LA PINTA, L.L.P.
ATTORNEYS AT LAW
35 ARKAY DRIVE, SUITE 200
HAUPPAUGE, NEW YORK 11788

(631) 231-1199
FAX: (631) 231-1344

February 3, 2014

The Honorable A. Kathleen Tomlinson
United States Magistrate Judge
Eastern District of New York
914 Federal Plaza
Central Islip, NY 11722

    Re:    United States v. James Valerio
              14-0080 M

Dear Magistrate Judge Tomlinson:

    The undersigned represents the defendant James Valerio and writes in support of Mr. Valerio's bail application. The Court should release Mr. Valerio on a $3.25 million secured bond.

**The Complaint**

    In a complaint dated January 28, 2014, FBI Special Agent Steven Troyd alleges that Mr. Valerio, in violation of child-pornography laws, aided and abetted the production of child pornography in the Ukraine, in violation of 18 U.S.C. § 2251. The charge carries a mandatory minimum of 15 years' imprisonment and a maximum of 30 years' imprisonment. 18 U.S.C. § 2251(e).

    According to the complaint, Mr. Valerio was romantically involved with a Ukrainian woman who was temporarily in the United States. The complaint alleges that after the woman returned to the Ukraine, Mr. Valerio asked her to engage in sexual acts with her two-year-old daughter and to send him videos and photographs of the acts. The complaint further alleges that the woman agreed to some of the acts and emailed videos and photographs of those acts to Mr. Valerio.

    The complaint is silent concerning whether the Ukrainian woman is cooperating or will be extradited or otherwise brought to the United States. It must thus be presumed that she is not cooperating and that she is resisting whatever efforts the government is making to bring her to the United States.

**Legal Standard**

Detention may be appropriate when a defendant is charged with "any felony . . . that involves a minor victim." 18 U.S.C. § 3142(f)(1)(E). Nevertheless, detention is proper only if there is no "condition," or there are no "combination of conditions," that "will reasonably assure the appearance of [the defendant] as required and the safety of any other person and the community." *Id.* § 3142(f). It is not the defendant who bears the burden. The government bears the "burden of persuasion by clear and convincing evidence that the defendant presents a danger to the community[] and by the lesser standard of a preponderance of the evidence that the defendant presents a risk of flight." *United States v. English*, 629 F.3d 311, 319 (2d Cir. 2011) (internal quotation marks omitted).

There is a presumption that Mr. Valerio is a danger and a risk of flight. *See* 18 U.S.C. § 3142(e)(3)(E). By definition, the presumption is not dispositive and can be rebutted. Indeed, as the Second Circuit has stated:

> In a presumption case . . . , a defendant bears a limited burden of production -- not a burden of persuasion -- to rebut that presumption by coming forward with evidence that he does not pose a danger to the community or a risk of flight. Once a defendant has met his burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered.

*United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001). "Even in a presumption case," the Second Circuit has held, "the government retains the ultimate burden of persuasion by clear and convincing evidence that the defendant presents a danger to the community" and "by . . . a preponderance of the evidence that the defendant presents a risk of flight." *Id.*

To determine whether Mr. Valerio has rebutted "the presumptions of dangerous and flight," the Court must consider:

> (1) the nature and circumstances of the crime charged;
>
> (2) the weight of the evidence against the defendant;
>
> (3) the history and characteristics of the defendant, including family ties, employment, community ties, past conduct;
>
> (4) the nature and seriousness of the danger to the community or to an individual.

*Id.* The Court must also be mindful that the Bail Reform Act, "by its nature, is always looking forward." *United States v. Madoff*, 586 F. Supp. 2d 240, 250 (S.D.N.Y. 2009). In other words, "[T]he Court should consider past behavior in assessing the likelihood of prohibited behavior in

the future, but the Government needs to show that there is a serious risk that these potential harms exist going forward." *Id.*

**Proposed Bail Conditions**

Members of Mr. Valerio's immediate family are willing to post several pieces of real property that have a combined fair-market value of about $3.25 million. Mr. Valerio will live with his mother and be under house arrest at his mother's Massapequa home. He will be under the supervision of pre-approved adult family members or close family friends who will be with him seven days a week, 24 hours a day. He will wear an ankle bracelet with built-in GPS monitoring to ensure that he will be unable to leave the home, and he will install security cameras outside the home to monitor who, with the Court's permission, will be permitted to enter the home. He consents to permit Pretrial Services officers *and* FBI special agents to search the home prior to his release and to enter and search the home unannounced and to copy the security system's hard drive after his release. He and his mother agree that neither computers, cell phones nor any other similar devices will be permitted in the home. The multimillion-dollar value of the bond, coupled with the house arrest and GPS monitoring, are more than sufficient to assure the Court that Valerio will appear in court as required. As for dangerousness, the victim is in the Ukraine and, thus, is beyond Mr. Valerio's reach. The only remaining consideration, therefore, is danger to the community. But other than the statutory presumption, the government has nothing to support an argument that Valerio is a danger to the community. And the restrictive bail conditions that Mr. Valerio proposes, including the security system, the absence of electronic devices and his consent to have his home searched, are more than sufficient to rebut the presumption. Nevertheless, Mr. Valerio will address all the factors that the Court must consider.

*The Nature and Circumstances of the Crime Charged*

Troyd's complaint comes down to this: Mr. Valerio asked one person several thousand miles away to sexually exploit her own child and to send him pictures of the exploitation. The allegation is a serious one. But it is comparable to the allegations in other presumption cases involving minors. *See, e.g., Paxson v. Chandler*, 531 F. App'x 475, 476 (5th Cir. 2013) (per curiam) (Section 2241 petition) (observing that defendant had spent "three years spent in home confinement *prior* to his guilty-plea conviction in 2010 for possession, and receipt, of child pornography"); *United States v. Thomas*, 2006 WL 140558, at *1, 24 (D. Md. 2013) (granting bail to defendant charged "with sexual exploitation of a child and the receipt and possession of child pornography"). In *Thomas*:

> [The magistrate judge] imposed the following [special] conditions . . . , in addition to certain standard conditions, requiring the defendant to: (1) reside at the Connecticut home of his mother and step-father; (2) avoid all contact with the child in the video; (3) report to and obey the supervising officer as directed; (4) refrain from possessing a firearm, destructive device, or other dangerous weapon; (5) refrain from excessive use of alcohol and from any use of narcotics or controlled substances; (6) undergo appropriate medical, psychological, or psychiatric treatment; (7) submit to an

3

> electronic monitoring program, with the additional condition that he may not leave the residence to which he is restricted except for pre-approved attorney visits, court appearances, and medical and mental health treatment, during which he must be accompanied by one of his two third-party custodians; (8) have no direct contact with female children; (9) have no use of, or access to, a computer or any other device with internet access.

*Id.* at *1 n.1. "The government appealed the ruling to the presiding district court judge, who upheld the release decision, but imposed two additional conditions": "prohibit[ing the] defendant from having any unsupervised contact with any persons under the age of eighteen" and "requir[ing] that departures from the residence for the stated purposes be approved in advance by pretrial services." *Id.* at *1 and n.2.

Mr. Valerio consents to all of the restrictions the magistrate judge and the district judge imposed in *Thomas*. He also consents to the additional restrictions outlined in the prior section of this letter.

"Given the paucity of reported decisions in this area," *id.* at *1, counsel considers it helpful to cite other presumption cases, specifically those involving controlled substances and violence, in which judges have released defendants notwithstanding the seriousness of the allegations. *See, e.g., United States v. Lyles*, 195 F. App'x 919, 920 (11th Cir. 2006) (per curiam) (reviewing defendant's sentence and noting that district court had released defendant on bond even though defendant had been charged with distributing methamphetamine and possessing firearm in furtherance of drug crime); *United States v. Starnes*, 157 F. App'x 687, 689-91 (5th Cir. 2005) (per curiam) (reviewing defendant's conviction and 145-year sentence and noting that district court had released defendant on $100,000 bond even though defendant had been charged with ten drug-trafficking and firearms' crimes, including a Section 924(c) charge involving a machinegun); *Payne v. United States*, 2009 WL 536837, at *1 (N.D. Miss. 2009) (unpublished opinion) (Section 2255 petition) (recounting how defendant had pleaded guilty to possessing crack cocaine and firearm in furtherance of drug crime yet had been released on bond); *George v. Warden*, 2008 WL 2954246, at *2 (N.D. W. Va. 2008) (unpublished opinion) (Section 2241 petition) (recounting how defendant had pleaded guilty to possessing marijuana and firearm in furtherance of drug crime yet had been released on bond); *United States v. Jameson*, 771 F. Supp. 341, 341 (D. Kan. 1991) (denying defendant's post-conviction motion for jail-time credit and noting that defendant had been indicted on six bank robbery counts and one Section 924(c) count yet had been released on bond); *United States v. Laduca*, 98-CR-399 (DRH) (E.D.N.Y.), Docket Entries 151, 167, 169, 171, 181, 210, 360, 703-04, 724, 813, 1006 (defendant Thomas Laduca released on $750,000 bond notwithstanding that he was charged with two Section 924(c) violations and faced statutory minimum of 25 years' imprisonment).

### *The Weight of the Evidence Against the Defendant*

Thus far, the government has not secured the cooperation of the victim's mother, a Ukrainian citizen who, facing a 15-year mandatory minimum, will likely contest extradition to

the United States. Absent the extradition and cooperation of the victim's mother, the government may be unable to establish a 15-year "production" case.

*The History and Characteristics of the Defendant*

In *United States v. Nicholson*, 1991 WL 268827 (D. Kan. 1991) (unpublished opinion), the defendant Nicholson was charged with conspiracy to distribute heroin and use of a firearm during and in relation to a drug-trafficking crime. *Each* charge carried a statutory presumption of dangerousness. But, the court found, the defendant had rebutted the presumption. The court noted that the defendant had no criminal history, that he was a life-long community resident with strong family ties, that he was employed in his parents' businesses, that he had been employed all his adult life and that he was married to a woman who had been employed in the community for many years. The court set bail at $50,000. The court also ordered that the defendant was to be closely supervised pending trial, with the pretrial officer having broad discretion to impose additional conditions, that the defendant was to make no attempt to contact any witnesses and that the defendant was to be prohibited from owning, possessing or using a firearm. The court warned the defendant "that any slight infraction w[ould] result in a revocation of [the] bond."

Mr. Valerio has only a minor criminal record and, under the Sentencing Guidelines, is in Criminal History Category I. He resides with his girlfriend, but as a condition of release he will live with his mother. He maintains a close relationship with his mother and with his sister, who is blind in one eye.

*The Nature and Seriousness of the Danger to the Community or to an Individual*

Mr. Valerio does not pose any future threat to the victim. There is no evidence that he poses a threat to anyone else.

**Conclusion**

Once Mr. Valerio is in his mother's house, he cannot get out or reach out, and no one else can get in or reach in, without Pretrial's or the government's knowledge. Given the extraordinary bail package that he is presenting, the government has not met its "ultimate burden of persuasion by clear and convincing evidence that the defendant presents a [current] danger to the community."

Respectfully,

/     S     /
Anthony M. La Pinta

cc:   AUSA Allen Bode