DMJ:ALB
F.# 2014R00151

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★  MAR 05 2014  ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

JOSEPH VALERIO,

        Defendant.

- - - - - - - - - - - - - - - -X

S U P E R S E D I N G
I N D I C T M E N T

Cr. No. 14-094 (S-1)(JFB)
(T. 18, U.S.C., §§
2251(a), 2251(c), 2251(e),
2252(a)(1), 2252(a)(2),
2252(b)(1), 2252(a)(4)(B),
2252(b)(2), 2253, 2 and 3551
et seq.; T. 21, U.S.C., §
853(p))

THE GRAND JURY CHARGES:

## COUNT ONE
### (Sexual Exploitation of a Child)

    1.    On or about and between April 1, 2012 and November 1, 2012, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant JOSEPH VALERIO, together with others, did knowingly and intentionally employ, use, persuade, induce, entice and coerce a minor, to wit: Jane Doe #1, an individual whose identity is known to the Grand Jury, to engage in sexually explicit conduct, for the purpose of producing one or more visual depictions of such conduct, knowing and having reason to know that such visual depictions would be transported and transmitted using a means and facility of interstate and foreign commerce and which were in and affecting interstate and foreign

commerce, which visual depictions were produced and transmitted using materials that had been mailed, shipped and transported in and affecting interstate and foreign commerce by any means, to wit: one or more mobile telephones, digital cameras and digital media disks, and such visual depictions were actually transported and transmitted using a means and facility of interstate and foreign commerce and which were in and affecting interstate and foreign commerce.

(Title 18, United States Code, Sections 2251(a), 2251(e), 2 and 3551 et seq.)

## COUNT TWO
(Sexual Exploitation of a Child)

2.     On or about and between April 1, 2012 and November 1, 2012, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant JOSEPH VALERIO, together with others, did knowingly and intentionally employ, use, persuade, induce, entice and coerce a minor, to wit: Jane Doe #1, to engage in sexually explicit conduct outside of the United States, its territories and possessions, for the purpose of producing one or more visual depictions of such conduct, intending that such visual depictions would be transported and transmitted to the United States, its territories and possessions, using a means and facility of interstate and foreign commerce and mail, and which visual depictions were actually transported and transmitted to the

United States, its territories and possessions, using a means and facility of interstate and foreign commerce and mail.

(Title 18, United States Code, Sections 2251(c), 2251(e), 2 and 3551 et seq.)

## COUNT THREE
(Transportation of Child Pornography)

3.   On or about and between April 1, 2012 and November 1, 2012, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant JOSEPH VALERIO, together with others, did knowingly and intentionally transport and ship, using a means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, one or more visual depictions, to wit: images depicting Jane Doe #1 engaged in sexually explicit conduct, the production of such visual depictions having involved the use of a minor engaging in sexually explicit conduct, and such visual depictions were of such conduct.

(Title 18, United States Code, Sections 2252(a)(1), 2252(b)(1), 2 and 3551 et seq.)

## COUNT FOUR
(Receipt of Child Pornography)

4.   On or about and between April 1, 2012 and November 1, 2012, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant JOSEPH

VALERIO, together with others, did knowingly and intentionally receive one or more visual depictions, to wit: images depicting Jane Doe #1 engaged in sexually explicit conduct, using a means and facility of interstate and foreign commerce and which visual depictions had been mailed, and shipped and transported in and affecting interstate and foreign commerce, the production of such visual depictions having involved the use of one or more minors engaging in sexually explicit conduct and such visual depictions were of such conduct.

(Title 18, United States Code, Sections 2252(a)(2), 2252(b)(1), 2 and 3551 et seq.)

## COUNT FIVE
### (Sexual Exploitation of a Child)

5.    On or about and between September 10, 2010 and January 19, 2011, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant JOSEPH VALERIO did knowingly and intentionally employ, use, persuade, induce, entice and coerce a minor, to wit: Jane Doe #2, an individual whose identity is known to the Grand Jury, to engage in sexually explicit conduct, for the purpose of producing one or more visual depictions of such conduct, which visual depictions were produced and transmitted using materials that had been mailed, shipped and transported in and affecting interstate and foreign commerce by any means, to wit: one or more digital cameras, memory cards and computer

5

equipment, and such visual depictions were actually transported and transmitted using a means and facility of interstate and foreign commerce and which were in and affecting interstate and foreign commerce.

(Title 18, United States Code, Sections 2251(a), 2251(e) and 3551 et seq.)

COUNT SIX
(Possession of Child Pornography)

6.    On or about January 28, 2014, within the Eastern District of New York, the defendant JOSEPH VALERIO did knowingly and intentionally possess matter containing one or more visual depictions, to wit: images in digital files, in and affecting interstate and foreign commerce, and which visual depictions had been mailed, and shipped and transported using a means and facility of interstate and foreign commerce, and which were produced using materials which had been mailed, and so shipped and transported, the production of such visual depictions having involved the use of one or more minors engaging in sexually explicit conduct, and such visual depictions were of such conduct.

(Title 18, United States Code, Sections 2252(a)(4)(B), 2252(b)(2) and 3551 et seq.)

CRIMINAL FORFEITURE ALLEGATION

7.    The United States hereby gives notice to the defendant charged in Counts One through Six that, upon his conviction

6

of any of the charged offenses, the government will seek forfeiture in accordance with Title 18, United States Code, Section 2253, of (a) any visual depiction described in Section 2251, 2251A, 2252, 2252A, 2252B, or 2260 of Title 18, United States Code, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of such sections; (b) any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from the offense(s) of conviction; and (c) any property, real or personal, used or intended to be used to commit or to promote the commission of the offense(s) of conviction or any property traceable to such property, including, but not limited to:

a.   One Apple Macbook Pro, serial number unknown;

b.   One  Dell laptop, serial number H7LQG31;

c.   One V Premier desktop computer, serial number P80003011134;

d.   One 4 gigabyte SD Card, no serial number; and

e.   The real property and premises located at 3 High Gate Drive, Smithtown, New York 11787, together with its respective buildings, appurtenances, improvements, fixtures, attachments, easements and furnishings, designated as District 473400, Section

50, Block 5 and Lot 23 on the Suffolk County Tax Map, and all proceeds traceable thereto.

8.   If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

a.   cannot be located upon the exercise of due diligence;

b.   has been transferred or sold to, or deposited with, a third party;

c.   has been placed beyond the jurisdiction of the court;

d.   has been substantially diminished in value; or

e.   has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 2253(b), to seek forfeiture of any other

property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 2253; Title 21, United States Code, Section 853(p))

A TRUE BILL

_____
FOREPERSON

_____
LORETTA E. LYNCH
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

F. #2014R00151
FORM DBD-34
JUN. 85

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

## CRIMINAL DIVISION

### THE UNITED STATES OF AMERICA

*vs.*

### JOSEPH VALERIO,

Defendant.

## SUPERSEDING INDICTMENT

(T. 18, U.S.C., §§ 2251(a), 2251(c), 2251(e), 2252(a)(1), 2252(a)(2),
2252(b)(1), 2252(a)(4)(B), 2252(b)(2), 2253, 2 and 3551 et seq.;
T. 21, U.S.C., § 853(p))

*A true bill.*

_Debbie DiGiorgio_ _____
                                                              *Foreperson*

*Filed in open court this* _____ *day,*

*of* _____ *A.D. 20* _____

_____
                                                                            *Clerk*

*Bail, $* _____

_____

**Allen L. Bode, Assistant U.S. Attorney (631) 715-7828**