UNITED STATES v. JOSEPH VALERIO
14-CR-0094 (JFB)
November 4, 2014

## PRELIMINARY INSTRUCTIONS

Members of the jury, now that you have been sworn, I will give you some preliminary instructions to guide you in your participation in the trial.

To begin with, you are here to administer justice in this case according to the law and the evidence. You are to perform this task with complete fairness and impartiality, and without bias, prejudice or sympathy for or against the government or the defendant.

It will be your duty to find from the evidence what the facts are. You and you alone will be the judges of the facts. You will then have to apply to those facts the law as the Court will give it to you. You must follow that law whether you agree with it or not.

Nothing the Court may say or do during the course of the trial is intended to indicate, or should be taken by you as indicating, what your verdict should be.

1

COURT EXHIBIT

A

The evidence from which you will find the facts will consist of the testimony of witnesses, documents, and other things received in the record as exhibits, and any facts that the lawyers agree to or stipulate to or that the Court may instruct you to find.

Certain things are *not* evidence. I will list them for you now:

1.      Statements, arguments, and questions by lawyers are not evidence.

2.      Objections to questions are not evidence. Lawyers have an obligation to their clients to make objections when they believe evidence being offered is improper under the rules of evidence. You should not be influenced by the Court's ruling on it. If the objection is sustained, ignore the question. If it is overruled, treat the answer like any other. If you are instructed that some item of evidence is received for a limited purpose only, you must follow that instruction.

3.      Testimony that the Court excludes or tells you to disregard is not evidence and must not be considered.

4.     Anything you see or hear outside the courtroom is not evidence and must be disregarded. You are to decide the case solely on the evidence presented here in the courtroom.

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is proof of facts from which you may infer or conclude that other facts exist. I will give you further instructions on these, as well as other matters, at the end of the case, but keep in mind that you may consider both kinds of evidence.

It will be up to you to decide which witnesses to believe, which witnesses not to believe, and how much of any witness's testimony to accept or reject. I will give you some guidelines for determining the credibility of witnesses at the end of the case.

As you know, this is a criminal case. There are three basic rules about a criminal case that you must keep in mind.

First, the defendant is presumed innocent until proven guilty. The indictment against the defendant brought by the government is only an

3

accusation, nothing more. It is not proof of guilt or anything else. The defendant therefore starts out with a clean slate.

Second, the burden of proof is on the government at all times. The defendant has no burden to prove his innocence, or to present any evidence, or to testify. Since the defendant has the right to remain silent, the law prohibits you from arriving at your verdict by considering that the defendant may not have testified.

Third, the government must prove the defendant's guilt beyond a reasonable doubt. I will give you further instructions on this point later.

Now, a few words about your conduct as jurors.

First, I instruct you that, during the trial, you are not to discuss this case among yourselves or with anyone else, including during any recesses or breaks. Even as among yourselves, you see, it is important that each of you keep an open mind until you have heard all of the evidence, the attorney's summations, and my instructions on the law. Only then will you begin to exchange views among yourselves and reach your verdict. But until I tell you to actually begin deliberating—which

4

will be at the end of my instructions on the law at the end of the case—please do not discuss the case at all among yourselves, with family members, or with anyone else.

Second, do not permit any other person to discuss the case in your presence. If someone does so despite your telling him or her not to, report the fact to me. Please do not, however, discuss with your fellow jurors either that fact, or any other fact that you feel necessary to bring to my attention. The reason is obvious. If something occurs that affects the ability of a juror to continue to serve fairly and impartially, and that juror communicates it to fellow jurors, more than one of you may be affected.

Third, please do not, while you are serving as jurors in this case, have any conversations with the parties, the attorneys or any witnesses in this case, whether in the courtroom, in the hallways, in the elevator, outside or anywhere else. By this, I mean not only to avoid talking about the case; do not talk at all, even to say good morning or acknowledge to any of these people. Someone seeing a juror in conversation with a party, lawyer, or witness might think that something improper was being

5

discussed. To avoid even the appearance of impropriety then, have no conversations. The lawyers, as officers of the court, are particularly sensitive to this. So I can tell you that, when they pass you in the halls without even acknowledging your presence, they do not mean to be rude; they are simply following my instruction.

Fourth, do not read or listen to anything touching on this case in any way.

Fifth, do not try to do any research or make any investigation about the case on your own.

Finally, do not form any opinion until all the evidence is in. Keep an open mind until you start your deliberations at the end of the case.

Sometimes jurors ask if they can take notes. If you wish, you may take notes. But if you do, leave them in the jury room when you leave at night. And remember that they are for your own personal use. Also, the notes are simply to help your memory. I don't want you to place too much emphasis on juror notes. As you know, a person's notes could be wrong. At the conclusion of the case when you deliberate, notes which

6

any juror may take may not be given any greater weight or influence in the determination of the case than the recollection or impression of other jurors, whether from notes or memory, with respect to the evidence presented or what conclusions, if any, should be drawn from such evidence. When you deliberate at the end of the case, any difference between a juror's recollection and another juror's notes should be settled by asking to have the Court reporter read back the transcript of that testimony, for it is the Court record rather than any juror's notes upon which the jury must base its determination of the facts and its verdict.

The trial will now begin. First, the government will make an opening statement, which is simply an outline to help you understand the evidence as it comes in. Next, the defendant's attorney may, but does not have to, make an opening statement. Opening statements are not evidence. Rather, you may consider the opening statements as a preview of what each side expects the evidence in this case will show.

The government will then present its evidence, including testimony from witnesses. Counsel for the defendant may, if he wishes, cross-

examine these witnesses. Evidence may also be in the form of physical items— exhibits—which are offered in evidence.

Following the government's case, the defendant may, if he wishes, present evidence, but he is not required to do so. The burden is always on the government to prove every element of the offense charged beyond a reasonable doubt. The law never imposes on the defendant in a criminal case the burden of calling any witnesses or introducing any evidence.

If the defendant puts on any evidence, the government may or may not wish to put further evidence before you to rebut what the defense has set forth.

After all the evidence has been presented, the attorneys will have the opportunity to present a closing argument or summation to you. What is said in these arguments is not evidence. Each party is simply presenting to you their view of what the evidence has shown and suggesting to you the inferences or conclusions you should draw from the evidence. You may find an argument sound and persuasive or you

8

may not. Because the government has the burden of proof in the case, it has the right to argue first in the closing argument, followed by the counsel for the defendant, after which the government may give a short rebuttal summation.

After you have heard the closing arguments, I will instruct you on the applicable law. You will then retire to the jury room to deliberate on your verdict.

You have a tremendously important task as jurors. It is to determine the facts. Our Constitution gives a defendant a right to have you, who are members of the community, find those facts. You, and not the Court, are the sole judge of the facts.

Let me say to the alternate jurors that you should listen just as carefully and conscientiously as the other jurors. You may very well be called upon prior to the conclusion of the case to take the place of one of the jurors, and then you will have to render a verdict. So pay close attention at all times.

That ends my preliminary instructions.

[*Discussion of Court schedule.*]

We are now ready to proceed with the next step in the trial, which is the opening statement by the Government.