UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -               14-CR-94 (S-2)(JFB)

JOSEPH VALERIO,

             Defendant.

- - - - - - - - - - - - - - - - X

## Jury charge

Now that the evidence in this case has been presented, and the attorneys for the government and the defendant have concluded their closing arguments, it is my responsibility to instruct you as to the law that governs this case.  My instructions will be in three parts:

First:  I will instruct you regarding the general rules that define and govern the duties of a jury in a criminal case;

Second:  I will instruct you as to the legal elements of the crimes charged in the indictment - that is, the specific elements that the government must prove beyond a reasonable doubt to warrant a finding of guilt; and

Third:  I will give you some general rules regarding your deliberations.

1

COURT EXHIBIT

D

## PART I:     GENERAL RULES

### 1.   The Duties of the Jury

To begin with - it is your duty to find the facts from all of the evidence in this case.  You are the sole judges of the facts and it is, therefore, for you and you alone to pass upon the weight of the evidence, and to draw such inferences as you deem to be reasonable and warranted from the evidence or lack of evidence in this case.

With respect to any question concerning the facts, it is your recollection of the evidence that controls.

To the facts as you find them, you must apply the law in accordance with my instructions.  While the lawyers may have commented on some of these legal rules, you must be guided only by what I instruct you about them.  You must follow all the rules as I explain them to you.  You may not follow some and ignore others.

## 2.   Parties are equal before the court

The fact that this prosecution is brought in the name of the United States Government does not entitle the United States to any greater consideration than the defendant is entitled to.  By the same token, it is entitled to no less consideration.  The parties - the United States Government and the defendant - are equal before this court, and they are entitled to equal consideration.  Neither the government nor the defendant is entitled to any sympathy or favor.

### 3.  Presumption of Innocence and Burden of Proof

You must remember that the indictment in this case is only an accusation.  It is not evidence.  The defendant has pled not guilty to that indictment.

As a result of the defendant's plea of not guilty the burden is on the prosecution to prove guilt beyond a reasonable doubt. This burden never shifts to a defendant for the simple reason that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witness or producing any evidence.

The law presumes the defendant to be innocent of the charge against him.  I therefore instruct you that the defendant is to be presumed by you to be innocent throughout your deliberations until such time, if ever, you as a jury are satisfied that the government has proven him guilty beyond a reasonable doubt.

The defendant begins the trial here with a clean slate.  This presumption of innocence alone is sufficient to acquit a defendant unless you as jurors are unanimously convinced beyond a reasonable doubt of his guilt, after a careful and impartial consideration of all of the evidence in this case.  If the government fails to sustain its burden, you must find the defendant not guilty.

This presumption was with the defendant when the trial began and remains with him even now as I speak to you and will continue with the defendant into your deliberations unless and until you are convinced that the government has proven his guilt beyond a reasonable doubt.

### 4.   Proof Beyond a Reasonable Doubt

I have said that the government must prove the defendant guilty beyond a reasonable doubt.  The question naturally is what is a reasonable doubt?  The words almost define themselves.  It is a doubt based upon reason and common sense.  It is a doubt that a reasonable person has after carefully weighing all of the evidence. It is a doubt which would cause a reasonable person to hesitate to act in a matter of importance in his or her personal life.  Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his own affairs.  A reasonable doubt is not a caprice or whim; it is not a speculation or suspicion.  It is not an excuse to avoid the performance of an unpleasant duty.  And it is not sympathy.

In a criminal case, the burden is at all times upon the government to prove guilt beyond a reasonable doubt.  The law does not require that the government prove guilt beyond all possible doubt; proof beyond a reasonable doubt is sufficient to convict. This burden never shifts to the defendant, which means that it is always the government's burden to prove each of the elements of the crimes charged beyond a reasonable doubt.

If, after fair and impartial consideration of all of the evidence, you have a reasonable doubt, it is your duty to acquit the defendant.  On the other hand, if after fair and impartial

6

consideration of all the evidence you are satisfied of the defendant's guilt beyond a reasonable doubt, you should vote to convict.

5.   The Evidence

A.   I wish to instruct you now as to what is evidence and how you should consider it.

The evidence upon which you are to decide what the facts are comes in several forms:

(1) Sworn testimony of witnesses, both on direct and cross-examination;

(2) Exhibits that have been received in evidence by the court; and

(3) Facts or testimony to which the lawyers have agreed or stipulated.

B.   What is not evidence:

Certain things are not evidence and are to be disregarded by you in deciding what the facts are:

(1) The contents of the indictment are not evidence;

(2) Arguments or statements by lawyers are not evidence;

(3) Questions put to the witnesses are not evidence;

(4) Objections to the questions or to offered exhibits are not evidence.

In this regard, attorneys have a duty to their clients to object when they believe evidence should not be received.  You should not be influenced by the objection or by the court's ruling on it.  If the objection was sustained, ignore the question.  If the objection was overruled, treat the answer like any other

8

answer.  If I told you to disregard certain testimony or sustained a lawyer's request to disregard or strike certain testimony, you are to disregard the testimony.

(5) What I say in these instructions is not evidence.

(6) If evidence has been received for a limited purpose, you must consider that evidence for that limited purpose only.

(7) Obviously, anything you may have seen or heard outside the courtroom is not evidence.

Your verdict must be based solely upon the evidence developed at trial or the lack of evidence.

It would be improper for you to consider, in reaching your decision as to whether the government sustained its burden of proof, any personal feelings you may have about the defendant's race, religion, national origin, ethnic background, sex, or age. All persons are entitled to the presumption of innocence and the government has the same burden of proof regardless of who the defendant is.

In addition, it would be equally improper for you to allow any feelings you might have about the nature of the crimes charged to interfere with your decision-making process.

To repeat, your verdict must be based exclusively upon the evidence or the lack of evidence in the case.

C.   Direct and circumstantial evidence

I told you that evidence comes in various forms such as the

sworn testimony of witnesses, exhibits, and stipulations.

There are, in addition, different kinds of evidence – direct and circumstantial.

(1) Direct evidence is the communication of a fact by a witness who testifies to the knowledge of that fact as having been obtained through one of the five senses. So, for example, a witness who testifies to knowledge of a fact because he saw it, heard it, smelled it, tasted it, or touched it is giving evidence which is direct. What remains is your responsibility to pass upon the credibility of that witness.

(2) Circumstantial evidence is evidence which tends to prove a fact in issue by proof of other facts from which the fact in issue may be inferred.

The word "infer" – or the expression "to draw an inference" – means to find that a fact exists from proof of another fact. For example, if a fact in issue is whether it is raining at the moment, neither of us can testify directly to that fact sitting as we are in this windowless courtroom. Assume, however, that as we are sitting here, a person walks into the courtroom wearing a raincoat that is soaking wet and carrying an umbrella dripping water. We may infer that it is raining outside. In other words, the fact of rain is an inference that could be drawn from the wet raincoat and the dripping umbrella. An inference is to be drawn only if it is logical and reasonable to do so. In deciding whether to draw an

10

inference, you must look at and consider all the facts in the light of reason, common sense, and experience. Whether a given inference is or is not to be drawn is entirely a matter for you, the jury, to decide. Please bear in mind, however, that an inference is not to be drawn by guesswork or speculation.

I remind you once again that you may not convict the defendant unless you are satisfied of his guilt beyond a reasonable doubt, whether based on direct evidence, circumstantial evidence, or the logical inferences to be drawn from such evidence. Circumstantial evidence does not necessarily prove less than direct evidence, nor does it necessarily prove more. You are to consider all the evidence in the case, direct and circumstantial, in determining what the facts are and in arriving at your verdict.

D.   Number of Witnesses and Uncontradicted Testimony

The fact that one party called more witnesses and introduced more evidence than the other does not mean that you should necessarily find the facts in favor of the side offering the most witnesses. By the same token, you do not have to accept the testimony of any witness who has not been contradicted or impeached, if you find the witness not to be credible. You also have to decide which witnesses to believe and which facts are true. To do this you must look at all the evidence, drawing upon your own common sense and personal experience. After examining all the evidence, you may decide that the party calling the most witnesses

11

has not persuaded you because you do not believe its witnesses, or because you do believe the fewer witnesses called by the other side.

In a moment, I will discuss the criteria for evaluating credibility; for the moment, however, you should keep in mind that the burden of proof is always on the government and the defendant is not required to call any witnesses or offer any evidence, since he is presumed to be innocent.

6.    Rulings by the Court

My next instruction relates to the rulings and statements that I made during the course of this trial.  I hereby instruct you that nothing that I said during the course of the trial, no question that I have asked, no ruling that I have made, and no statement that I may make in this charge, should be interpreted in any way whatsoever as a suggestion of what decision I believe you should make.  You should understand that I have no opinion as to the decision you should make in this case.

You will remember that at various times throughout the trial, I have been called upon to make rulings on various questions of law.  I have sustained objections and I have overruled objections. Please do not concern yourself with my reasons for making the rulings that I made.  These are purely legal matters and must not affect your deliberation on the factual matters in this case.  Nor are you to draw any inferences for or against a party because that party raised objections during the course of the case.  It is the duty of the attorneys on each side of the case to object when the other side offers testimony or other evidence which the attorney believes is not properly admissible.  You should not hold it against an attorney – or the defendant – either because the attorney has made objections, or because some of those objections may have been overruled by me.

When the Court has sustained an objection to a piece of

13

evidence or a question addressed to a witness, you must disregard it entirely and may draw no inference from it or speculate as to what the witness would have said if he or she had been permitted to answer the question. Similarly, if after a question was asked and an answer given, the answer was ordered stricken from the record, you must disregard both the answer and the question.

You are further instructed that with respect to every situation where testimony has been stricken, the reason for that ruling relates to a matter of law which is no concern of yours and not for your consideration. Once stricken, such testimony must be disregarded and ignored. The reasons for my striking such testimony should not be discussed among you, nor should you speculate or guess about the basis for my ruling. By the same token, where I allowed testimony or exhibits to be received into evidence over the objection of counsel, this was not an indication that I have any opinion as to the weight or effect of such evidence. That is for you to decide.

In reaching your verdict, you also are not to concern yourselves in any way with the conferences which sometimes took place at the side bar between the Court and counsel for the parties, nor are you to draw any inferences for or against any party because that party may have requested such a conference. You also must not draw any conclusion whatsoever from the fact that from time to time I may have asked questions of witnesses. This

14

was solely to elicit facts which may or may not be material to your determination.

Remember that, in making your determination as to the facts, you should rely upon your own recollection of the evidence. What I said from time-to-time during the course of the trial, or what I say in the charge that I am now giving you, should not be taken in place of your own recollection of the evidence in this case.

7.   <u>Witness Credibility - General Instruction</u>

You have had an opportunity to observe all of the witnesses. It is now your job to decide how believable each witness was in his or her testimony.   You are the sole judges of the credibility of each witness and of the importance of his or her testimony.

It must be clear to you by now that you are being called upon to resolve various factual issues under the counts of the indictment, in the face of the very different pictures painted by the government and the defense which cannot be reconciled.   You will now have to decide where the truth lies, and an important part of that decision will involve making judgments about the testimony of the witnesses you have listened to and observed.   In making those judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence which may help you to decide the truth and the importance of each witness's testimony.

Your decision whether or not to believe a witness may depend on how that witness impressed you.   Was the witness candid, frank and forthright?   Or, did the witness seem as if he or she was hiding something, being evasive or suspect in some way?   How did the way the witness testified on direct examination compare with how the witness testified on cross-examination?   Was the witness consistent in his or her testimony or did he or she contradict

16

himself or herself?  Did the witness appear to know what he or she was talking about and did the witness strike you as someone who was trying to report his or her knowledge accurately?

How much you choose to believe a witness may be influenced by the witness's bias.  Does the witness have a relationship with the government or the defendant which may affect how he or she testified?  Does the witness have some incentive, loyalty or motive that might cause him or her to shade the truth; or, does the witness have some bias, prejudice or hostility that may have caused the witness — consciously or not — to give you something other than a completely accurate account of the facts he or she testified to?

Even if the witness was impartial, you should consider whether the witness had an opportunity to observe the facts he or she testified about and you should also consider the witness's ability to express himself or herself.  Ask yourselves whether the witness's recollection of the facts stands up in light of all other evidence.

In other words, what you must try to do in deciding credibility is to size a person up in light of his or her demeanor, the explanations given, and in light of all the other evidence in the case, just as you would in any important matter where you are trying to decide if a person is truthful, straightforward and accurate in his or her recollection.  In deciding the question of

17

credibility, remember that you should use your common sense, your good judgment, and your experience.

18

8.   <u>Interest in Outcome</u>

In evaluating credibility of the witnesses, you should take into account any evidence that the witness who testified may benefit in some way from the outcome of this case.   Such an interest in the outcome creates a motive to testify falsely and may sway the witness to testify in a way that advances his or her own interests.   Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of his or her testimony and accept it with great care.

This is not to suggest that every witness who has an interest in the outcome of a case will testify falsely.   It is for you to decide to what extent, if at all, the witness's interest has affected or colored his or her testimony.

9.   <u>Credibility - Prior Inconsistent Statements</u>

You have heard evidence that a witness made a statement on an earlier occasion which counsel argues is inconsistent with the witness's trial testimony.   Evidence of the prior inconsistent statement was placed before you for the limited purpose of helping you decide whether to believe the trial testimony of the witness who contradicted himself.   If you find that the witness made an earlier statement that conflicts with this trial testimony, you may consider that fact in deciding how much of his trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency, and whether that explanation appealed to your common sense.

It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so how much, if any, weight is to be given to the inconsistent statement in determining whether to believe all, or part, or none, of the witness's testimony.

10. <u>Expert Testimony</u>

You have heard, during the course of this trial, the testimony of individuals referred to as experts in their fields. If scientific, technical, or other specialized knowledge will assist the jury to understand the evidence or to decide a disputed fact, a witness with particular knowledge, skill, experience, training or education, may be called to testify about such evidence or facts in issue in the form of an opinion.

The rules of evidence ordinarily do not permit witnesses to testify to opinions or conclusions. An exception to this rule exists for those we call "expert" witnesses who may state their opinions and who may also state the reasons for their opinion.

You should consider the witnesses' opinion received in this case and give it such weight as you may think it deserves. If you should decide that the opinion of the witness is not based upon sufficient education and experience, or that the reasons given in support of the opinion are not sound, or that the opinion is outweighed by other evidence, you may disregard the opinion entirely.

In sum, the expert witness is in all other respects the same as any other witness. You should consider his or her qualifications, his or her experience, his or her interest in the outcome of the case, if any, his or her demeanor, and all the

21

other factors you have been instructed to consider in assessing
the credibility of other witnesses.

11.   <u>Law Enforcement and Government Witnesses</u>

You have heard testimony of witnesses who work for law enforcement and the government.  The fact that a witness may work for law enforcement or the government does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

At the same time, it is quite legitimate for defense counsel to try to attack the credibility of a law enforcement or a government employee witness on the grounds that his or her testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement and the government employee witnesses and to give to that testimony whatever weight, if any, you find it deserves.

12.   <u>Defendant's Right Not to Testify</u>

The defendant did not testify in this case.   Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the government's burden to prove the defendant guilty beyond a reasonable doubt.   That burden remains with the government throughout the entire trial and never shifts to a defendant.   A defendant is never required to prove that he or she is innocent.

You may not attach any significance to the fact that the defendant did not testify.   No adverse inference against him may be drawn by you because he did not take the witness stand.   You may not consider this against the defendant in any way in your deliberations in the jury room.

13.  <u>Use of Evidence Obtained Pursuant to Searches</u>

You have heard testimony about evidence seized from the defendant during searches at the defendant's house.  Evidence obtained from these searches was properly admitted in this case and may be considered by you.  Whether you approve or disapprove of how it was obtained should not enter into your deliberations because I now instruct you that the government's use of this evidence is entirely lawful.

You must, therefore, regardless of your personal opinions, give this evidence full consideration along with all the other evidence in the case in determining whether the government has proved the defendant's guilt beyond a reasonable doubt.

14.   <u>Statements of Defendant</u>

There has been evidence that the defendant made certain statements in which the government claims he admitted certain facts charged in the indictment.

In deciding what weight to give the defendant's statements, you should first examine with great care whether each statement was made and whether, in fact, it was voluntarily and understandingly made.   I instruct you that you are to give the statements such weight as you feel they deserve in light of all the evidence. However, if you find that the statement was either involuntary or not knowingly made, you may not consider it in any way.

15. <u>Particular Investigative Techniques Not Required</u>

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matter in issue at this trial. Nor does the law require any party to produce as exhibits all papers and things mentioned during the course of the trial.

There is no legal requirement that the government prove its case through any particular means. While you are to carefully consider the evidence adduced by the government, you are not to speculate as to why agents used the techniques they did or why they did not use other techniques. The government is not on trial. Law enforcement techniques are not your concern.

Your concern is to determine whether or not, on the evidence or lack of evidence, the defendant's guilt has been proved beyond a reasonable doubt.

16.   <u>Dates Approximate</u>

In alleging dates, the indictment charges "on or about" certain dates.   The proof need not establish with certainty the exact date of an alleged offense.   The law only requires the evidence establish beyond a reasonable doubt that the dates alleged in the indictment and the dates established by the testimony or exhibits are substantially similar.

17. <u>Other Persons Not on Trial</u>

You have heard evidence about the involvement of another person in some of the events referred to in the indictment. You may not draw any inference, favorable or unfavorable, towards the government or the defendant from the fact that certain persons are not on trial before you, or are not named as defendants in this particular case.  That this individual is not on trial before you, or is not named as the defendant in this case, is not your concern.  You should neither speculate as to the reason people are not on trial before you nor allow their absence as parties to influence in any way your deliberations in this case.

29

18.   <u>Interviews of Witnesses</u>

During the course of the trial, you may have heard testimony that attorneys interviewed witnesses when preparing for and during the trial.  You must not draw any unfavorable inference from that fact.  On the contrary, attorneys are obliged to prepare their case as thoroughly as possible and in the discharge of that responsibility properly interview witnesses in preparation for the trial and from time to time as may be required during the course of the trial.

19.  <u>Stipulations</u>

The attorneys for the United States and the attorneys for the defendant have entered into stipulations concerning certain facts that are relevant to this case.  A stipulation of fact is simply an agreement among the parties that a certain fact is true.  You should regard such agreed facts as true.  However, what weight to give those facts is entirely up to you.  You are the sole judges of the facts and you decide what weight to give those facts.

## PART II:   LEGAL ELEMENTS OF CHARGED CRIMES

I will now turn to the second part of this charge - and I will, as I indicated at the outset, instruct you as to the legal elements of the crimes charged in the indictment. That is to say, I will now instruct you as to the specific elements of the crimes charged, each of which the government must prove beyond a reasonable doubt to warrant a finding of guilt.

### Summary of Indictment

In order to place my instructions in context, I will start by giving you a summary of the crimes charged. They are stated in the indictment. The indictment is not evidence; rather, it is simply the instrument by which the charges are brought. It is an accusation. It may not be considered by you as any evidence of the guilt of the defendant. To the contrary, the defendant is presumed innocent until proven guilty beyond a reasonable doubt. I am permitting you to have the indictment solely as a reference during your deliberations.

After summarizing the charges, I will instruct you in detail as to the law for you to apply to each charge in the indictment. And finally, I will tell you some further rules with respect to your deliberations.

First, the summary of the indictment. The indictment in this case contains fifteen (15) counts, or separate charges or offenses. Count One charges the defendant with Conspiracy to Sexually Exploit

32

a Child, namely, Jane Doe #1, who has been identified during this trial as having the initials S.K.  Counts Two and Three charge the defendant with Sexual Exploitation of a Child, namely, Jane Doe #1. Count Four charges the defendant with Transportation of Child Pornography, namely, images depicting Jane Doe #1.  Count Five charges the defendant with Receipt of Child Pornography, namely, images depicting Jane Doe #1.  Counts Six through Thirteen charge the defendant with Attempted Sexual Exploitation of a Child, namely, Jane Doe #1, on specific dates in 2012.  Count Fourteen charges the defendant with Sexual Exploitation of a Child, namely, Jane Doe #2, who has been identified in this trial as having the initials S.I.  And Count Fifteen charges the defendant with Possession of Child Pornography.  You must consider each count separately and return a verdict based only upon the evidence as it relates to that specific count.  Whether you find the defendant not guilty or guilty as to one offense should not affect your verdict as to any other offense charged.  Your verdict as to each count must be unanimous.

I have summarized the counts in the indictment simply to give you an overview of the charges.  In your deliberations as to each count you should refer to the exact text of the indictment, bearing in mind at all times that the indictment is merely an accusation and is not evidence against the defendant.

I will now explain to you the law that applies to each of the counts in the indictment, beginning with Counts Two and Fourteen, and then addressing the other charges in the indictment. As you will hear in a moment, I will discuss certain counts together, because certain counts charge the defendant with violations of the same statute, but allege the violation occurred on different dates, or, with respect to Count Fourteen, with respect to different victims. However, I caution you that you must consider each count separately.

## Counts Two and Fourteen: Sexual Exploitation of a Child

Counts Two and Fourteen of the indictment charge the defendant with Sexual Exploitation of a Child.

Count Two of the indictment reads as follows:

> On or about and between April 1, 2012 and November 1, 2012, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant JOSEPH VALERIO, together with others, did knowingly and intentionally employ, use, persuade, induce, entice and coerce a minor, to wit: Jane Doe #1, to engage in sexually explicit conduct, for the purpose of producing one or more visual depictions of such conduct, knowing and having reason to know that such visual depictions would be transported and transmitted using a means and facility of interstate and foreign commerce and which were in and affecting interstate and foreign commerce, which visual depictions were produced and transmitted using materials that had been mailed, shipped and transported in and affecting interstate and foreign commerce by any means, to wit: one or more mobile telephones, digital cameras and digital media disks, and such visual depictions were actually transported and transmitted using a means and facility of interstate and foreign commerce and which were in and affecting interstate and foreign commerce.

Count Fourteen of the indictment reads as follows:

> On or about and between September 10, 2010 and January 19, 2011, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant JOSEPH VALERIO did knowingly and intentionally employ, use, persuade, induce, entice and coerce a minor, to wit: Jane Doe #2, an individual whose identity is known to the Grand Jury, to engage in sexually explicit conduct, for the purpose of producing one or more visual depictions of such conduct, which visual depictions were produced and transmitted using materials that had been mailed, shipped and transported in and

35

affecting interstate and foreign commerce by any means, to wit: one or more digital cameras, memory cards and computer equipment, and such visual depictions were actually transported and transmitted using a means and facility of interstate and foreign commerce and which were in and affecting interstate and foreign commerce.

Counts Two and Fourteen of the indictment charge the defendant with violating Section 2251(a) of Title 18 of the United States Code.  That section provides in relevant part:

Any person who employs, uses, persuades, induces, entices, or coerces any minor to engage in . . . any sexually explicit conduct for the purpose of producing any visual depiction of such conduct or for the purpose of transmitting a live visual depiction of such conduct, shall be [guilty of a crime] if such person knows or has reason to know that such visual depiction will be transported or transmitted . . . in or affecting interstate or foreign commerce or mailed, if that visual depiction was produced or transmitted using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer, or if such visual depiction has actually been transported or transmitted in or affecting interstate or foreign commerce or mailed.

Elements of the Offense

In order to prove the defendant guilty of sexually exploiting a child, the government must prove each of the following three elements beyond a reasonable doubt:

First:     That the individual with the initials S.K., who is

identified as "Jane Doe #1" in Count Two of the

indictment, and the individual with the initials S.I.,

36

who is identified as "Jane Doe #2" in Count Fourteen of indictment, were under the age of 18 when the visual depictions were made;

Second:   That the defendant used or employed or persuaded or induced or enticed or coerced S.K. and S.I. to take part in sexually explicit conduct for the purpose of producing or transmitting a visual depiction of that conduct; and

Third:   That the visual depiction was mailed or actually transported or transmitted in or affecting interstate or foreign commerce or that the defendant knew or had reason to know that the visual depiction would be mailed or transported or transmitted in or affecting interstate or foreign commerce or that the visual depiction was produced using materials that had been mailed or transported in or affecting interstate or foreign commerce.

I will now explain each of these elements in more detail.

First Element of Sexual Exploitation of a Child: Age of Minor

The first element of Count Two that the government must prove beyond a reasonable doubt is that S.K. was less than eighteen years old at the time of the acts alleged in the indictment.  And with respect to Count Fourteen, the government

37

must prove beyond a reasonable doubt that S.I. was less than eighteen years old at the time of the acts alleged in the indictment.

Second Element of Sexual Exploitation of a Child: Visual Depiction of Sexually Explicit Conduct

The second element of Count Two that the government must prove beyond a reasonable doubt is that the defendant, together with others, used or employed or persuaded or induced or enticed or coerced S.K. to take part in sexually explicit conduct for the purpose of producing or transmitting a visual depiction of that conduct. As I will explain in greater detail in a few moments, the government can meet its burden of proof on Count Two by proving that the defendant did the acts charged himself, or by proving that he aided and abetted another person to sexually exploit S.K.

As to Count Fourteen, the government must prove beyond a reasonable doubt that the defendant used or employed or persuaded or induced or enticed or coerced S.I. to take part in sexually explicit conduct for the purpose of producing or transmitting a visual depiction of that conduct.

The words "used" and "employed" are words of common usage, and I instruct you to interpret these words by using your common sense. The words persuade, induce, and entice are in effect synonyms, which convey the idea of leading or moving another by

38

persuasion or influence, as to some action, state of mind, etc., or to bring about, produce or cause. The word "induce" also means to stimulate the occurrence of or cause. The word "coerce" means to compel by force, intimidation or authority, without regard for individual desire or volition. The word "producing" in this context means producing, directing, manufacturing, issuing, publishing, or advertising.

A "visual depiction" includes any photograph, film, video, or picture, including undeveloped film and videotape, and data stored on computer disk or by electronic means which is capable of conversion into a visual image. A "visual depiction" includes videos and images transmitted via live webcam, even where such images are not stored permanently.

You may consider all of the evidence concerning the defendant's conduct when deciding whether the government has proven that the defendant acted for the purpose of producing or transmitting a visual depiction of the sexually explicit conduct, or aiding and abetting another person to do so, as the case may be for Count Two.

Definition of Sexually Explicit Conduct

"Sexually explicit conduct" means actual or simulated sexual intercourse, including genital-genital, oral-genital, digital-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex; bestiality; masturbation; sadistic or

masochistic abuse; or lascivious exhibition of the genitals or pubic area of any person.

The term "lascivious exhibition" means a depiction which displays or brings to view to attract notice to the genitals or pubic area of children in order to excite lustfulness or sexual stimulation in the viewer.  Not every exposure of the genitals or pubic area constitutes a lascivious exhibition.  In deciding whether the government has proved that a particular visual depiction constitutes a lascivious exhibition, you should consider the following questions:

> a) Whether the focal point of the visual depiction is on the child's genitals or pubic area, or whether there is some other focal area;

> b) Whether the setting of the visual depiction makes it appear to be sexually suggestive, for example, in a place or pose generally associated with sexual activity;

> c) Whether the child is displayed in an unnatural pose, or in inappropriate attire, considering the age of the child;

d) Whether the child is fully or partially clothed, or nude, although nudity is not in and of itself lascivious;

e) Whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity; and

f) Whether the visual depiction is intended or designed to elicit a sexual response in the viewer.

Of course, in order for a visual depiction to be lascivious, all six factors need not be present and the list of factors is not mandatory, exclusive or exhaustive. Instead, you must determine whether the visual depiction is lascivious based on its overall content, taking into account the age of the minor. It is for you to decide the weight or lack of weight to be given to these or any other factors you find relevant.

In deciding whether the government has proven that the defendant acted for the purpose of producing or transmitting a visual depiction of the sexually explicit conduct, you may consider all of the evidence concerning his conduct. While the government must prove that he acted with the purpose of producing a visual depiction of sexually explicit conduct, it is not

41

required that the government prove that the visual depiction of that conduct was actually produced.

<u>Third Element of Sexual Exploitation of a Child: Effect on Interstate Commerce</u>

The third element of sexual exploitation of a child that the government must prove beyond a reasonable doubt is that the visual depiction was transported or transmitted in or affecting interstate or foreign commerce or using a facility of interstate and foreign commerce or that the defendant knew or had reason to know that the visual depiction would be mailed or transported in or affecting interstate or foreign commerce, or that the visual depiction was produced using materials that had been mailed, shipped and transported in and affecting interstate and foreign commerce. Simply stated, the phrase "transported or transmitted in or affecting interstate or foreign commerce" means that the materials used to produce the visual depiction had previously moved from one state to another or between the United States and another country.

I instruct you that transmissions of photographs or video by means of the Internet constitutes transportation in interstate commerce. However, you must find beyond a reasonable doubt that the specific depiction in question was actually transmitted by means of the Internet, or that the defendant knew or had reason

to know that the visual depiction would be transmitted by the Internet.

Additionally, if a visual depiction of sexually explicit conduct, as I have defined that term, is stored on a digital camera, other type of recording device or digital media disk, and the camera, recording device or digital media disk crosses from one state to another, then that is sufficient to satisfy the interstate commerce element.   Furthermore, it is sufficient to satisfy the interstate or foreign commerce element if the visual depiction of sexually explicit conduct is recorded or stored on a device that was made either outside of the State of New York or in a foreign country.

## Count Three: Sexual Exploitation of a Child (Outside the United States)

Count Three of the indictment charges the defendant with Sexual Exploitation of a Child, namely, Jane Doe #1, occurring outside of the United States.

Count Three of the indictment reads as follows:

> On or about and between April 1, 2012 and November 1, 2012, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant JOSEPH VALERIO, together with others, did knowingly and intentionally employ, use, persuade, induce, entice and coerce a minor, to wit: Jane Doe #1, to engage in sexually explicit conduct outside of the United States, its territories and possessions, for the purpose of producing one or more visual depictions of such conduct, intending that such visual depictions would be transported and transmitted to the United States, its territories and possessions, using a means and facility of interstate and foreign commerce and mail, and which visual depictions were actually transported and transmitted to the United States, its territories and possessions, using a means and facility of interstate and foreign commerce and mail.

Count Three of the indictment charges the defendant with violating Section 2251(c) of Title 18 of the United States Code. That section provides, in relevant part:

> Any person who . . . employs, uses, persuades, induces, entices, or coerces any minor to engage in, or who has a minor assist any other person to engage in, any sexually explicit conduct outside of the United States, its territories or possessions, for the purpose of producing any visual depiction of such conduct . . . intend[ing] such visual depiction to be transported to the

44

United States, its territories or possessions, by any means, including by using any means or facility of interstate or foreign commerce or mail; or . . . transport[ing] such visual depiction to the United States, its territories or possessions, by any means, including by using any means or facility of interstate or foreign commerce or mail [shall be guilty of a crime].

In order to prove the defendant guilty of sexually exploiting a child, the government must prove each of the following four elements beyond a reasonable doubt:

First:    That the individual with the initials S.K., who is identified in the indictment as "Jane Doe #1," was under the age of eighteen years at the time of the acts alleged in the indictment;

Second:   That the defendant, together with another person, either: (a) employed, used, persuaded, induced, enticed, or coerced S.K. to engage in sexually explicit conduct outside the United States, its territories, or possessions, as I have already defined those terms to you; or (b) had S.K. assist another person or persons to engage in sexually explicit conduct outside the United States, its territories, or possessions;

Third:    That the defendant did so for the purpose of producing a visual depiction of such conduct, as I have already defined the term "visual depiction"; and

Fourth:     That the defendant (a) intended such visual depiction
            to be transported to the United States, its
            territories, or possessions by any means, including by
            using mail or any means or facility of interstate or
            foreign commerce; or (b) the defendant did transport or
            aided and abetted another person in transporting such
            visual depiction to the United States, its territories,
            or possessions by any means, including by using mail or
            any means or facility of interstate or foreign
            commerce, as I have already defined those terms for
            you.

As I mentioned earlier and as I will explain in greater
detail momentarily, the government can meet its burden of proof
on Count Three by proving that the defendant did the acts charged
himself, or by proving that he aided and abetted another person
to carry out such acts.

If you find from your consideration of all the evidence that
the government has proved each of these elements beyond a
reasonable doubt as to Count Three, then you should find the
defendant guilty of that charge.

If, on the other hand, you find from your consideration of
all the evidence that the government has failed to prove any one
of these elements beyond a reasonable doubt as to Count Three,
then you should find the defendant not guilty of that charge.

46

**Aiding and Abetting**

With respect to certain counts in the indictment, I instruct you that the government can meet its burden of proof either by proving that the defendant did the acts charged himself or by proving that he aided and abetted another person in carrying out the acts charged:  those counts are Counts Two and Three, charging the defendant with Sexual Exploitation of a Child; Count Four, charging the defendant with Transportation of Child Pornography; and Count Five, charging the defendant with Receipt of Child Pornography.  I have already instructed you on Counts Two and Three and I will instruct you on Counts Four and Five in a moment.  Let me now take time a moment now to explain to you the law concerning aiding and abetting.

The government is relying on aiding and abetting under Section 2(a) of Title 18 of the United States Code, which provides that:

> Whoever commits an offense against the United
> States or aids, abets, counsels, commands, induces
> or procures its commission, is punishable as a
> principal.

Accordingly, even if the defendant did not personally do every act constituting an offense, you may find that he committed that offense if the government proves beyond a reasonable doubt that he aided and abetted the offense.  This means that if you find that the defendant knowingly and willfully aided and abetted another person in the commission of a crime, he is as guilty as

47

if he personally committed it.  Under the aiding and abetting statute, it is not necessary for the government to show that a defendant himself physically committed the crime with which he is charged in order for the government to sustain its burden of proof.  A person who aids or abets another to commit an offense is just as guilty of that offense as if he committed it himself. The essence of aiding and abetting is the intentional and knowing participation in the unlawful act by furthering it in some way.

Before you can convict a defendant on the ground that he aided and abetted the commission of the crimes charged, you must first find beyond a reasonable doubt that another person committed that crime.

In order to aid or abet another to commit a crime, it is necessary that a defendant willfully and knowingly associate himself in some way with the criminal venture, that he participate in it out of desire to make the crime succeed.  That is, a defendant must have the specific intent of furthering the criminal offense through some action on his part.

The mere presence of the defendant where a crime is being committed, even coupled with knowledge that a crime is being committed, or the mere acquiescence by the defendant in the criminal conduct of others, even with guilty knowledge, is not sufficient to establish aiding and abetting.  An aider and abetter must have some interest in the criminal venture.  That

48

interest need not be a financial one, but you may consider the presence or absence of a financial interest in making your determination.

In other words, if one, fully aware of what he is doing, plays a significant role in facilitating a transaction prohibited by law, he is equally guilty with the person who directly performs the illegal acts, even though the latter played a much greater or major part in the preparation of the crime.

To determine whether the defendant aided and abetted the commission of the crime charged, ask yourselves these questions:

First:  Did he participate in the crime charged as something he wished to bring about?

Second:  Did he associate himself with the criminal venture knowingly and willfully?

Third:  Did he seek by his actions to make the criminal venture succeed?

If your answer to each of these questions is "yes", then the defendant is an aider and abettor and is therefore guilty of the crime charged just as if he himself had actually committed it. If, on the other hand, your answers to any of these questions is "no," then the defendant is not an aider and abettor under 18 U.S.C. § 2(a), and you must find him not guilty of the crime under consideration as an aider and abettor under Section 2(a).

## **Counts Six, Seven, Eight, Nine, Ten, Eleven, Twelve, and Thirteen: Attempted Sexual Exploitation of a Child**

I will now explain to you the law that applies to each of the Counts Six through Thirteen of the indictment, each of which charges the defendant with Attempted Sexual Exploitation of a Child, namely, Jane Doe #1, on a particular date. Count Six of the indictment reads as follows:

> On or about January 23, 2012, within the Eastern District of New York and elsewhere, the defendant JOSEPH VALERIO, together with others, did knowingly and intentionally attempt to employ, use, persuade, induce, entice and coerce a minor, to wit: Jane Doe #1, to engage in sexually explicit conduct, for the purpose of producing one or more visual depictions of such conduct, knowing and having reason to know that such visual depictions would be transported and transmitted using a means and facility of interstate and foreign commerce and which were in and affecting interstate and foreign commerce, which visual depictions were produced and transmitted using materials that had been mailed, shipped and transported in and affecting interstate and foreign commerce by any means, including by one or more mobile telephones, digital cameras, digital media disks and computer, and such visual depictions were actually transported and transmitted using a means and facility of interstate and foreign commerce and which were in and affecting interstate and foreign commerce, contrary to Title 18, United States Code, Section 2251(a).

Counts Seven through Thirteen are identical to Count Six, except each count charges the defendant with Attempted Sexual Exploitation of a Child on a separate date:

| Count | Approximate Date of Attempted Sexual Exploitation of a Child |
|-------|---------------------------------------|
| Seven | January 24, 2012 |
| Eight | March 28, 2012 |
| Nine | April 4, 2012 |
| Ten | July 16, 2012 |
| Eleven | July 22, 2012 |
| Twelve | September 6, 2012 |
| Thirteen | September 27, 2012 |

Counts Six through Thirteen of the indictment charge the defendant with violating Section 2251(e) of Title 18 of the United States Code.  That section provides, in relevant part:

> Any individual who . . . attempts . . . to violate [18 U.S.C. § 2251(a), which makes it a crime to sexually exploit a minor] [shall guilty of a crime].

In order to prove that the defendant attempted to sexually exploit a child, the government must prove beyond a reasonable doubt the following two elements:

First:   That the defendant intended to commit the crime of sexual exploitation of a child, namely the individual identified as "Jane Doe #1 (I have already instructed

51

    you on the elements of the offense of sexual

    exploitation of a child); and

<u>Second</u>:  That the defendant willfully took some action that was

    a substantial step in an effort to bring about or

    accomplish the crime.

  Mere intention to commit a specific crime does not amount to an attempt.  In order to convict the defendant of an attempt, you must find beyond a reasonable doubt that the defendant intended to commit the crime charged, and that he took some action which was a substantial step toward the commission of crime. In determining whether a defendant's actions amounted to a substantial step toward the commission of the crime, it is necessary to distinguish between mere preparation on the one hand, and the actual doing of the criminal deed on the other. Mere preparation, which may consist of planning the offense, or of devising, obtaining, or arranging a means for its commission, is not an attempt, although some preparations may amount to an attempt.  The acts of a person who intends to commit a crime will constitute an attempt where the acts themselves clearly indicate an intent to willfully commit the crime, and where the acts are a substantial step in a course of conduct planned to culminate in the commission of the crime.

  Factual or legal impossibility is not a defense to a charge of attempting to commit a crime if the crime could have been

committed had the relevant factual or legal circumstances been as the defendant believed them to be.  In other words, a person is guilty of an attempt to commit a crime if, acting with the kind of culpability otherwise required for the commission of the crime, he intentionally engages in conduct which would constitute the crime if the relevant factual and legal circumstances were as he believed them to be.

To prove that the defendant attempted to sexually exploit a child, the government does not need to prove that a "visual depiction" of "sexually explicit conduct" — terms I have already defined for you — was actually produced or transmitted.

Nor does the government have to prove that the visual depiction was actually transported or transmitted in or affecting interstate commerce.  It is sufficient for the government to prove that the defendant intended that the visual depiction would be transported or transmitted in or affecting interstate or foreign commerce or that the defendant had reason to know that this transmission would occur because it was reasonably foreseeable that the defendant's activities would result in the depiction's transmission in or affecting interstate commerce or that the defendant intended to produce the visual depiction using a device or digital media disk that had traveled in interstate or foreign commerce; that is, a device or digital media disk produced somewhere other than the state in which it was to be

used or which was transported across state lines or an
international border.

## **Count One:   Conspiracy to Sexually Exploit a Child**

Count One of the indictment charges the defendant with Conspiracy to Sexually Exploit a Child, namely, Jane Doe #1. Count One of the indictment reads as follows:

> On or about and between April 1, 2012 and November 1, 2012, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant JOSEPH VALERIO, together with others, did knowingly and intentionally conspire to employ, use, persuade, induce, entice and coerce a minor, to wit: Jane Doe #1, an individual whose identity is known to the Grand Jury, to engage in sexually explicit conduct, for the purpose of producing one or more visual depictions of such conduct, knowing and having reason to know that such visual depictions would be transported and transmitted using a means and facility of interstate and foreign commerce and which were in and affecting interstate and foreign commerce, which visual depictions were produced and transmitted using materials that had been mailed, shipped and transported in and affecting interstate and foreign commerce by any means, to wit: one or more mobile telephones, digital cameras and digital media disks, and such visual depictions were actually transported and transmitted using a means and facility of interstate and foreign commerce and which were in and affecting interstate and foreign commerce, contrary to Title 18, United States Code, Section 2251(a).

Count One of the indictment charges the defendant with violating Section 2251(e) of Title 18 of the United States Code. That section provides, in relevant part:

> Any individual who . . . conspires to violate this section [18 U.S.C. § 2251(a), which makes it a crime to sexually exploit a minor] [shall be guilty of a crime].

I have already instructed you on the elements of the offense of sexual exploitation of a child.

The essence of the charge of conspiracy is an understanding or agreement between or among two or more persons that they will act together to accomplish a common objective that they know is unlawful. You should understand that a conspiracy is an offense separate from the commission of any offense that may have been committed pursuant to the conspiracy. That is because the formation of a conspiracy, of a partnership for criminal purposes, is in and of itself a crime. Thus, if a conspiracy exists, even if it should fail in achieving its purpose, it is still punishable as a crime. Also, you may find the defendant guilty of the crime of conspiracy even if the substantive crime that was the object of that conspiracy — here, sexual exploitation of a child — was not actually committed.

There are two elements of the crime of conspiracy, and government must prove each of the following two elements beyond a reasonable doubt.

First:   That two or more persons entered the unlawful agreement charged in the indictment — in this case, the sexual exploitation of a child.

Second:   That the defendant became a member of the conspiracy with knowledge of its criminal goal or goals, and with

the intent to help the conspiracy achieve its criminal
goals by his own actions.

Let me start with the first element.  A conspiracy is a
combination or agreement of two or more persons to accomplish an
unlawful purpose.  In order for the government to satisfy this
element, you need not find that the alleged members of the
conspiracy met together and entered into any express or formal
agreement to sexually exploit a child.  Similarly, you need not
find that the alleged conspirators stated, in words or writing,
what the scheme was, its object or purpose, or every precise
detail of the scheme or the means by which its object or purpose
was to be accomplished.  In addition, the government need not
prove that the defendant actually committed sexual exploitation
of a child.

The government must, however, prove that there was a mutual
understanding, either spoken or unspoken, between two or more
people to cooperate with each other to accomplish an unlawful
act, specifically, sexual exploitation of a child.  Since
conspiracy is, by its nature, characterized by secrecy, direct
proof may not be available.  You may, therefore, infer the
existence of the conspiracy from the circumstances of this case
and the conduct of the parties involved.  In a very real sense,
then, in the context of conspiracy cases, actions often speak
louder than words.  In this regard, you may, in determining

whether an agreement existed here, consider the actions and statements of all of those who are found to be participants as proof that a common design existed on the part of the persons charged to act together to accomplish an unlawful purpose.

The second element that the government must prove beyond a reasonable doubt is that a defendant became a member of the charged conspiracy with knowledge of its goal or goals, and intended by his actions to help it succeed.  The key question is whether the defendant joined the conspiracy with an awareness of at least some of the basic aims and purposes of the unlawful agreement.  Whether the defendant acted knowingly and willfully may be proven by the defendant's conduct and by all of the facts and circumstances surrounding the case.

You may ask yourselves whether the defendant participated in the conspiracy with knowledge of its unlawful purpose and with the specific intent of furthering its objective.  In that regard, it has been said that for a defendant to be deemed a participant in a conspiracy, he must have had some stake in the outcome.  It is important for you to note that a defendant's participation in the conspiracy may be established by independent evidence of his or her own acts or statements, as well as those of other alleged co-conspirators, and the reasonable inferences which may be drawn from them.

The defendant's knowledge is a matter of inference from the facts proved.  In that connection, I instruct you that to become a member of the conspiracy, the defendant need not have known the identities of each and every other member of the conspiracy, nor need he have been apprised of all of their activities.  Moreover, the defendant does not need to have been informed of all the details or the scope of the conspiracy in order to justify an inference of knowledge on his part.  Furthermore, the defendant need not have joined in all of the conspiracy's unlawful objectives.

The extent or duration of the defendant's participation has no bearing on the issue of the defendant's guilt.  Indeed, each member may perform separate and distinct acts and may perform them at different times.  Some conspirators play major roles, while others play minor parts in the scheme.  An equal role is not what the law requires.  In fact, even a single act may be sufficient to draw the defendant within the ambit of the conspiracy.  If you find that the conspiracy existed and if you further find that the defendant participated in it knowingly and willfully, the extent or degree of his participation is not material.  Moreover, it is not required that a person be a member of the conspiracy from its very start.

I want to caution you that a defendant's mere presence at the scene of an alleged crime does not by itself make him a

59

member of the conspiracy.  Similarly, mere association with one or more members of the conspiracy does not automatically make the defendant a member.  A person may know or be friendly with a criminal without being a criminal himself or herself.

I also want to caution you that mere knowledge or acquiescence without participation in the unlawful plan is not sufficient.  The fact that the acts of a defendant without knowledge merely happened to further the purposes or objectives of the conspiracy does not make the defendant a member of the conspiracy.  More is required under the law.  What is necessary is that the defendant must have participated with knowledge of at least some of the purposes or objectives of the conspiracy, and with the intention of aiding in the accomplishment of those unlawful ends.

In sum, a defendant with an understanding of the unlawful character of the conspiracy must have intentionally engaged, advised or assisted in it for the purpose of furthering the illegal undertaking.  He thereby becomes a knowing and willing participant in the unlawful agreement — that is to say, a conspirator.

If you find that the government has proven each of the two elements of the crime alleged in Count One — conspiracy to exploit a child — beyond a reasonable doubt, you should find the defendant guilty on Count One.  If the government fails to prove

any one element, you must find the defendant not guilty as to Count One.

Acts and Declarations of Co-Conspirators

I have admitted into evidence against the defendant the acts and statements of others because these acts and statements were committed by persons who, the government charges, were also confederates or co-conspirators of the defendant in the conspiracy charged in Count One.

The reason for allowing this evidence to be received against the defendant has to do with the nature of the crime of conspiracy. A conspiracy is often referred to as a partnership in crime. Thus, as in other types of partnerships, when people enter into a conspiracy to accomplish an unlawful end, each and every member becomes an agent for the other co-conspirators in carrying out the conspiracy.

Accordingly, the reasonably foreseeable acts, declarations, statements, and omissions of any member of the conspiracy and in furtherance of the common purpose of the conspiracy are deemed, under the law, to be the acts of all of the members, and all of the members of the conspiracy are deemed responsible for such acts, declarations, statements, and omissions.

If you find, beyond a reasonable doubt, that the defendant was a member of a conspiracy charged in the indictment, then any reasonably foreseeable acts done or statements made in furtherance of the conspiracy by persons also found by you to

62

have been members of that conspiracy may be considered against the defendant.

This is so even if such acts were done and such statements were made in the defendant's absence and without his knowledge. However, before you may find that the statements or acts of a co-conspirator should be considered as tending to show the defendant's guilt, you must first determine that the acts and statements were made during the existence, and in furtherance, of the conspiracy.

## Consent Not a Defense to Sexual Exploitation of a Child

Whether or not the minor consented to engaging in sexually explicit conduct is irrelevant, as the consent or voluntary participation of the minor is not a defense to the charge.

## Count Four: Transportation of Child Pornography

Count Four of the indictment charges the defendant with Transportation of Child Pornography, namely, images depicting Jane Doe #1.  Count Four of the indictment reads as follows:

> On or about and between April 1, 2012 and November 1, 2012, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant JOSEPH VALERIO, together with others, did knowingly and intentionally transport and ship, using a means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, one or more visual depictions, to wit: images depicting Jane Doe #1 engaged in sexually explicit conduct, the production of such visual depictions having involved the use of a minor engaging in sexually explicit conduct, and such visual depictions were of such conduct.

Count Four of the indictment charges the defendant with violating Section 2252(a)(1) of Title 18 of the United States Code.  That section provides, in relevant part:

> Any person who knowingly transports or ships using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means including by computer or mails, any visual depiction, if (A) the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and (B) such visual depiction is of such conduct [shall be guilty of a crime].

In order to prove the defendant guilty of transporting child pornography, the government must prove each of the following elements beyond a reasonable doubt.

First:     That the defendant, together with others, knowingly
           transported a visual depiction.  You have already been
           instructed on the meaning of the term "visual
           depiction."

Second:    That the visual depiction was transported in interstate
           or foreign commerce or the visual depiction was
           produced using materials that had been transported in
           interstate or foreign commerce or that the offense was
           committed in the special maritime and territorial
           jurisdiction of the United States.  I have already
           instructed you on what it means for a visual depiction
           to be actually transported in interstate or foreign
           commerce.

Third:     That the production of the visual depiction involved
           the use of a minor engaging in sexually explicit
           conduct, as I have already explained that term to you,
           and portrays that minor engaged in that conduct.

Fourth:    That the defendant knew that the production of the
           visual depiction involved the use of a minor engaging
           in sexually explicit conduct, and portrayed a minor
           engaged in that conduct.  As I will explain to you in
           just a moment, an act is done knowingly when it is done
           voluntarily and intentionally and not because of
           accident, mistake or some other innocent reason.

In this case, the term "knowingly" refers to an awareness of the sexually explicit nature of the material, and to the knowledge that the visual depictions were in fact of an actual minor engaged in that sexually explicit conduct.

The government must show that the defendant had knowledge of the general nature of the contents of the material. The defendant need not have specific knowledge as to the identity or actual age of the minor depicted, but the defendant must have knowledge or an awareness that the material contained a visual depiction of a minor engaging in sexually explicit conduct. Such knowledge may be shown by direct or circumstantial evidence, or both. Eyewitness testimony of the defendant's viewing of the material is not necessary to prove her awareness of its contents; the circumstances may warrant an inference that he was aware of what the material depicts. Furthermore, the defendant's belief as to the legality or illegality of the material is irrelevant.

I remind you that the government can meet its burden of proof on Count Four by proving that the defendant did the acts charged himself, or by proving that he aided and abetted another person to transport child pornography.

## Count Five:   Receipt of Child Pornography

Count Five of the indictment charges the defendant with Receipt of Child Pornography, namely, images depicting Jane Doe #1.  Count Five of the indictment reads as follows:

> On or about and between April 1, 2012 and November 1, 2012, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant JOSEPH VALERIO, together with others, did knowingly and intentionally receive one or more visual depictions, to wit: images depicting Jane Doe #1 engaged in sexually explicit conduct, using a means and facility of interstate and foreign commerce and which visual depictions had been mailed, and shipped and transported in and affecting interstate and foreign commerce, the production of such visual depictions having involved the use of one or more minors engaging in sexually explicit conduct and such visual depictions were of such conduct.

Count Five of the indictment charges the defendant with violating Section 2252(a)(2) of Title 18 of the United States Code.  That section provides, in relevant part:

> Any person who knowingly receives, or distributes, any visual depiction using any means or facility of interstate or foreign commerce or that has been mailed, or has been shipped or transported in or affecting interstate or foreign commerce, or which contains materials which have been mailed or so shipped or transported, by any means including by computer, or knowingly reproduces any visual depiction for distribution using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or through the mails, if (A) the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct;

and (B) such visual depiction is of such
conduct [shall be guilty of a crime].

In order to prove the defendant guilty of receiving child
pornography, the government must prove each of the following four
elements beyond a reasonable doubt:

First:     That the defendant received a visual depiction, which

           term I have already defined for you;

Second:    That the visual depiction was transported in or

           affecting interstate or foreign commerce;

Third:     That the production of the visual depiction involved

           the use of a minor engaging in sexually explicit

           conduct, and portrayed that minor engaged in that

           conduct; and

Fourth:    That the defendant knew that the production of the

           visual depiction involved the use of a minor engaging

           in sexually explicit conduct, and portrayed a minor

           engaged in that conduct.

I remind you that the government can meet its burden of
proof on Count Five by proving that the defendant did the acts
charged himself, or by proving that he aided and abetted another
person to receive child pornography.

First Element of Receipt of Child Pornography: Receiving

The first element of Count Five that the government must
prove beyond a reasonable doubt is that the defendant knowingly
received a visual depiction.

69

You have already been instructed on the meaning of the term "visual depiction."

To receive a visual depiction means to take possession of it.  This includes the knowing acceptance of a depiction previously requested.  Receiving includes the downloading of a photograph or video by means of the Internet.

The government must prove that defendant received the depiction knowingly.  An act is done knowingly when it is done voluntarily and intentionally and not because of accident, mistake or some other innocent reason.

Second Element of Receipt of Child Pornography: In or Affecting Interstate or Foreign Commerce

The second element of Count Five that the government must prove beyond a reasonable doubt is that the visual depiction was mailed or transported in or affecting interstate or foreign commerce or was produced using materials that had been transported in or affecting interstate or foreign commerce.

The indictment alleges that the visual depiction was actually transported in interstate or foreign commerce.  I have already instructed you on what it means for a visual depiction to be actually transported in interstate or foreign commerce or produced using materials that had been transported in or affecting interstate or foreign commerce.

70

<u>Third Element of Receipt of Child Pornography: Visual
Depiction of Sexually Explicit Conduct</u>

The third element of Count Five that the government must
prove beyond a reasonable doubt is that the production of the
visual depiction involved the use of a minor engaging in sexually
explicit conduct, as I have already explained that term to you,
and portrays that minor engaged in that conduct.

I have already instructed you that the visual depiction must
be of a real person under the age of eighteen engaging in
sexually explicit conduct. I reiterate that the government does
not have to prove the identity of the minor or the exact age of
the minor. You may consider all of the evidence in determining
whether the depiction portrayed an actual person under the age of
eighteen engaging in sexually explicit conduct.

<u>Fourth Element of Receipt of Child Pornography: Defendant
Acted Knowingly</u>

The fourth element of Count Five that the government must
prove beyond a reasonable doubt is that the defendant knew both
that the production of the visual depiction involved the use of a
minor engaging in sexually explicit conduct, and that it
portrayed a minor engaged in that conduct.

As I stated before, an act is done knowingly when it is done voluntarily and intentionally and not because of accident, mistake or some other innocent reason.

In this case, the term "knowingly" refers to an awareness of the sexually explicit nature of the material and to the knowledge that the visual depiction was in fact of an actual minor engaged in that sexually explicit conduct.

The government must show that the defendant had knowledge of the general nature of the contents of the material.  The defendant need not have specific knowledge as to the identity or actual age of the minor depicted, but the defendant must have knowledge or an awareness that the material contained a visual depiction of a minor engaging in sexually explicit conduct.  Such knowledge may be shown by direct or circumstantial evidence, or both.  Eyewitness testimony of the defendant's viewing of the material is not necessary to prove her awareness of its contents; the circumstances may warrant an inference that she was aware of what the material depicts.  Furthermore, the defendant's belief as to the legality or illegality of the material is irrelevant.

Before you can find that the defendant acted intentionally, you must be satisfied beyond a reasonable doubt that the defendant acted deliberately and purposefully.  That is, the defendant's acts must have been the product of defendant's

conscious objective rather than the product of a mistake or accident.  The intent with which an act is done is more often shown by the act itself or by a series of acts than by statements made long after its occurrence.  Frequently the acts of individuals speak their intentions more clearly than do their words.  The adage, actions speak louder than words, applies here.  Accordingly, knowledge and intent are usually established by surrounding facts and circumstances as of the time the acts in question occurred, or the events took place, and the reasonable inferences to be drawn from them.

## Count Fifteen:   Possession of Child Pornography

Count Fifteen of the indictment charges the defendant with Possession of Child Pornography.   Count Fifteen of the indictment reads as follows:

> On or about January 28, 2014, within the Eastern District of New York, the defendant JOSEPH VALERIO did knowingly and intentionally possess matter containing one or more visual depictions, to wit: images in digital files, in and affecting interstate and foreign commerce, and which visual depictions had been mailed, and shipped and transported using a means and facility of interstate and foreign commerce, and which were produced using materials which had been mailed, and so shipped and transported, the production of such visual depictions having involved the use of one  or more minors engaging in sexually explicit conduct, and such visual depictions were of such conduct.

Count Fifteen of the indictment charges the defendant with Section 2252(a)(4)(B) of Title 18 of the United States Code. That section provides, in relevant part:

> Any person who . . . knowingly possesses, or knowingly accesses with intent to view, 1 or more books, magazines, periodicals, films, video tapes, or other matter which contain any visual depiction that has been mailed, or has been shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce, or which was produced using materials which have been mailed or so shipped or transported, by any means including by computer, if (i) the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and (ii) such visual depiction is of such conduct [shall be guilty of a crime].

In order to prove that the defendant possessed child pornography, it is necessary that the evidence establish beyond a reasonable doubt:

First:  That the defendant knowingly possessed a visual depiction, as I have already explained that term to you;

Second:  That the visual depiction was transported in or affecting interstate or foreign commerce or the visual depiction was produced using materials that had been transported in interstate or foreign commerce;

Third:  That the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct, and portrays that minor engaged in that conduct; and

Fourth:  That the defendant knew that the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct, and portrayed a minor engaged in that conduct.

The first element that the government must prove beyond a reasonable doubt is that the defendant knowingly and intentionally possessed a visual depiction. I have already defined the terms "knowingly," "intentionally" and "visual depiction," and you should apply those definitions and instructions here.

75

To "possess" something means to have it within a person's control. This does not necessarily mean that the person must hold it physically, that is have actual possession of it. As long as the visual depiction is within the defendant's control, he possesses it. If you find that the defendant either had actual possession of the depiction, or that he had the power and intention to exercise control over it, even though it was not in his physical possession, you may find that the government has proven possession.

The law also recognizes that possession may be sole or joint. If one person alone possesses it, that is sole possession. However, it is possible that more than one person may have the power and intention to exercise control over the visual depiction. This is called joint possession. If you find that the defendant had such power and intention, then he possessed the depiction even if he possessed it jointly with another person.

The second element of Count Fifteen that the government must prove beyond a reasonable doubt is that the visual depiction was mailed or transported in or affecting interstate or foreign commerce. The indictment alleges that the particular visual depictions were transported in or affecting interstate or foreign commerce, or produced using materials which had been transported in interstate or foreign commerce. Transmission of photographs

76

or video by means of the Internet constitutes transportation in (or affecting) interstate commerce.  However, you must find beyond a reasonable doubt that the specific depiction in question was actually transmitted by means of the Internet.

The third element of Count Fifteen that the government must prove beyond a reasonable doubt is that the production of the visual depiction involved the use of an actual minor engaging in sexually explicit conduct, as I have already explained that term to you, and portrays that minor engaged in that conduct.

The visual depiction must be of a real person under the age of eighteen engaging in sexually explicit conduct.  The government does not have to prove the identity of the minor or the exact age of the minor.  You may consider all of the evidence, including your viewing of the depiction, in determining whether the depiction portrayed an actual person under the age of eighteen engaging in sexually explicit conduct.  I have already defined the term "sexually explicit conduct."  You should apply that definition here.

The fourth element of Count Fifteen that the government must prove beyond a reasonable doubt is that the defendant knew both that the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct, and that it portrayed a minor engaged in that conduct.

As I stated before, an act is done knowingly when it is done voluntarily and intentionally and not because of accident, mistake or some other innocent reason.  In this case, the term "knowingly" refers to an awareness of the sexually explicit nature of the material, and to the knowledge that the visual depictions were in fact of actual minors engaged in that sexually explicit conduct.

The government must show that the defendant had knowledge of the general nature of the contents of the material.  The defendant need not have specific knowledge as to the identity or actual age of the underage performer, but the defendant must have knowledge or an awareness that the material contained a visual depiction of a minor engaging in sexually explicit conduct.  Such knowledge may be shown by direct or circumstantial evidence, or both.  Eyewitness testimony of the defendant's viewing of the material is not necessary to prove his awareness of its contents; the circumstances may warrant an inference that he was aware of what the material depicts.  Furthermore, the defendant's belief as to the legality or illegality of the material is irrelevant.

## PART III:   RULES REGARDING DELIBERATIONS

Finally, a few closing remarks.

Keep in mind that nothing I have said in these instructions is intended to suggest to you in any way what I think your verdict should be.  That is entirely for you to decide.

By way of reminder, I charge you once again that it is your responsibility to judge the facts in this case only from the evidence presented during the trial and to apply the law as I have given it to you to the facts as you find them from the evidence.

I instruct you that the decision you reach as to each element for each charge in the indictment must be unanimous; that is, all 12 of you must agree on every element in every count.  I also instruct you to consider each count of the indictment separately.  Again, the verdict on each element and each count must be unanimous.

When you retire, it is your duty to discuss the case for the purpose of reaching a verdict.  Each of you must decide the case for yourself, but should only do so after considering all the evidence, listening to the views of your fellow jurors, and discussing it fully.  It is important that you reach a verdict if you can do so conscientiously.  You should not hesitate to reconsider your opinions from time to time and to change them if you are convinced that they are wrong.  However, do not surrender

an honest conviction as to weight and effect of the evidence simply to arrive at a verdict.

Remember also that your verdict must be based solely on the evidence in the case and the law as the court has given it to you, not on anything else. Opening statements, closing arguments, or other statements or arguments of counsel are not evidence. If your recollection of the facts differs from the way counsel has stated the facts to be, then your recollection controls.

And, finally, bear in mind that the government has the burden of proof and that you must be convinced of the defendant's guilt beyond a reasonable doubt to return a guilty verdict. If you find that this burden has not been met, you must return a verdict of not guilty.

The question of possible punishment of the defendant is of no concern to the jury and should not, in any sense, enter into or influence your deliberations. The duty of imposing sentence rests exclusively upon the court. Your function is to weigh the evidence in the case and to determine whether or not the defendant is guilty beyond a reasonable doubt, solely upon the basis of such evidence. Under your oath as jurors, you cannot allow a consideration of the punishment which may be imposed upon the defendant, if he is convicted, to influence your verdict, in any way, or, in any sense, enter into your deliberations.

Under your oath as jurors you are not to be swayed by sympathy for one side or the other. You are to be guided solely by the evidence in this case, and the crucial question that you must ask yourselves as you sift through the evidence is: has the government proven the guilt of the defendant beyond a reasonable doubt?

It is for you alone to decide whether the government has proven that the defendant is guilty of the crimes charged solely on the basis of the evidence and subject to the law as I charge you. It must be clear to you that once you let fear, prejudice, bias or sympathy interfere with your thinking there is a risk that you will not arrive at a true and just verdict.

If you have a reasonable doubt as to the defendant's guilt, you must find a verdict of acquittal. But on the other hand, if you should find that the government has met its burden of proving the defendant's guilt beyond a reasonable doubt, you should not hesitate because of sympathy or any other reason to render a verdict of guilty.

When you get into the jury room, before you begin your deliberations, your first act will be to select one of you to be the foreperson. The foreperson will be responsible for signing all communications to the court and for handing them to the court security officer during your deliberations, but of course his or her vote is entitled to no greater weight than any other juror.

81

During the trial, I permitted the taking of notes by those of you who wished to do so.  At that time I pointed out that while you could take notes, there is no need for your doing so, because the court reporter takes down everything that is said in the courtroom and during your deliberations the court reporter will read back to you any portion of the transcript you may ask for.

For those of you who did take notes during the trial, I point out to you and your fellow jurors that your notes are simply an aid to memory for the particular juror who takes the notes.  You are instructed that your notes are only a tool to aid your own individual memory and you should not compare your notes with other jurors in your deliberations.  Jurors who did not take notes should not be influenced by the fact that other jurors have taken notes.  Your notes are not evidence, may be inaccurate, and are by no means a complete recording of the trial testimony.  Any difference between a juror's recollection and another juror's notes should be settled by asking to have the court reporter read back the transcript, for it is the court record rather than any juror's notes upon which the jury must base its determination of the facts and its verdict.

It is very important that you not communicate with anyone outside the jury room about your deliberations or about anything touching this case.  There is only one exception to this rule.

82

If it becomes necessary during your deliberations to communicate with me, you may send a note, through the court security officer, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will never communicate with any member of the jury on any subject touching the merits of the case other than in writing, or orally here in open court.  If you send any notes to the court, do not disclose anything about your deliberations.  Specifically, do not disclose to anyone - not even to me - how the jury stands, numerically or otherwise, on the question of the guilt or innocence of the defendant, until after you have reached a unanimous verdict or have been discharged.

If during your deliberations you want to see any of the exhibits, they will be sent to you in the jury room upon written request.  If you want any of the testimony read back, that can also be done.  But, please remember that it is not always easy to locate what you might want, so be as specific as you possibly can in requesting exhibits or portions of testimony which you may want.  If you request a readback of testimony, please be patient, as it may take some time to locate and agree upon the specific testimony required.

I have prepared a verdict sheet, which will be given to you. The verdict sheet is given to you to record your verdict after you have reached a verdict as to all counts in the indictment.

When you have reached a decision, have the foreperson sign the verdict form and put the date on it - and notify the marshal by note that you have reached a verdict.

I reiterate that any verdict you reach must be unanimous.

Your oath sums up your duty - and that is - without fear or favor to any person, you will well and truly try the issues in this case according to the evidence given to you in court and the laws of the United States.

This concludes my instructions.  Thank you for your close and careful attention.  Members of the jury, you will now retire to deliberate after I swear in the Marshall.  I do ask that, as your first order of business, you elect a foreperson and send me a note, dated and timed, identifying that foreperson.