PSS:ALB/ABK
F.# 2014R00151

```
                                        ┌─────────────────
                                        │  COURT EXHIBIT

                                             E
                                        ─────────────
```

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

JOSEPH VALERIO,

        Defendant.

- - - - - - - - - - - - - - - -X

S U P E R S E D I N G
I N D I C T M E N T

Cr. No.14-094 (S-2)(JFB)
(T. 18, U.S.C., §§
2251(a), 2251(c), 2251(e),
2252(a)(1), 2252(a)(2),
2252(b)(1), 2252(a)(4)(B),
2252(b)(2), 2 and 3551
et seq.)

THE GRAND JURY CHARGES:

<u>COUNT ONE</u>
(Conspiracy to Sexually Exploit a Child)

1.    On or about and between April 1, 2012 and November 1, 2012, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant JOSEPH VALERIO, together with others, did knowingly and intentionally conspire to employ, use, persuade, induce, entice and coerce a minor, to wit: Jane Doe #1, an individual whose identity is known to the Grand Jury, to engage in sexually explicit conduct, for the purpose of producing one or more visual depictions of such conduct, knowing and having reason to know that such visual depictions would be transported and transmitted using a means and facility of interstate and foreign commerce and which were in and affecting interstate and

foreign commerce, which visual depictions were produced and transmitted using materials that had been mailed, shipped and transported in and affecting interstate and foreign commerce by any means, to wit: one or more mobile telephones, digital cameras and digital media disks, and such visual depictions were actually transported and transmitted using a means and facility of interstate and foreign commerce and which were in and affecting interstate and foreign commerce, contrary to Title 18, United States Code, Section 2251(a).

(Title 18, United States Code, Sections 2251(e) and 3551 et seq.)

COUNT TWO
(Sexual Exploitation of a Child)

2.   On or about and between April 1, 2012 and November 1, 2012, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant JOSEPH VALERIO, together with others, did knowingly and intentionally employ, use, persuade, induce, entice and coerce a minor, to wit: Jane Doe #1, to engage in sexually explicit conduct, for the purpose of producing one or more visual depictions of such conduct, knowing and having reason to know that such visual depictions would be transported and transmitted using a means and facility of interstate and foreign commerce and which were in and affecting interstate and foreign commerce, which visual depictions were produced and

transmitted using materials that had been mailed, shipped and transported in and affecting interstate and foreign commerce by any means, to wit: one or more mobile telephones, digital cameras and digital media disks, and such visual depictions were actually transported and transmitted using a means and facility of interstate and foreign commerce and which were in and affecting interstate and foreign commerce.

(Title 18, United States Code, Sections 2251(a), 2251(e), 2 and 3551 et seq.)

## COUNT THREE
### (Sexual Exploitation of a Child)

3.    On or about and between April 1, 2012 and November 1, 2012, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant JOSEPH VALERIO, together with others, did knowingly and intentionally employ, use, persuade, induce, entice and coerce a minor, to wit: Jane Doe #1, to engage in sexually explicit conduct outside of the United States, its territories and possessions, for the purpose of producing one or more visual depictions of such conduct, intending that such visual depictions would be transported and transmitted to the United States, its territories and possessions, using a means and facility of interstate and foreign commerce and mail, and which visual depictions were actually transported and transmitted to the

United States, its territories and possessions, using a means and facility of interstate and foreign commerce and mail.

(Title 18, United States Code, Sections 2251(c), 2251(e), 2 and 3551 et seq.)

## COUNT FOUR
(Transportation of Child Pornography)

4.   On or about and between April 1, 2012 and November 1, 2012, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant JOSEPH VALERIO, together with others, did knowingly and intentionally transport and ship, using a means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, one or more visual depictions, to wit: images depicting Jane Doe #1 engaged in sexually explicit conduct, the production of such visual depictions having involved the use of a minor engaging in sexually explicit conduct, and such visual depictions were of such conduct.

(Title 18, United States Code, Sections 2252(a)(1), 2252(b)(1), 2 and 3551 et seq.)

## COUNT FIVE
(Receipt of Child Pornography)

5.   On or about and between April 1, 2012 and November 1, 2012, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant JOSEPH

VALERIO, together with others, did knowingly and intentionally receive one or more visual depictions, to wit: images depicting Jane Doe #1 engaged in sexually explicit conduct, using a means and facility of interstate and foreign commerce and which visual depictions had been mailed, and shipped and transported in and affecting interstate and foreign commerce, the production of such visual depictions having involved the use of one or more minors engaging in sexually explicit conduct and such visual depictions were of such conduct.

(Title 18, United States Code, Sections 2252(a)(2), 2252(b)(1), 2 and 3551 et seq.)

## COUNT SIX
(Attempted Sexual Exploitation of a Child)

6.    On or about January 23, 2012, within the Eastern District of New York and elsewhere, the defendant JOSEPH VALERIO, together with others, did knowingly and intentionally attempt to employ, use, persuade, induce, entice and coerce a minor, to wit: Jane Doe #1, to engage in sexually explicit conduct, for the purpose of producing one or more visual depictions of such conduct, knowing and having reason to know that such visual depictions would be transported and transmitted using a means and facility of interstate and foreign commerce and which were in and affecting interstate and foreign commerce, which visual depictions were produced and transmitted using materials that had been mailed, shipped and

transported in and affecting interstate and foreign commerce by any means, including by one or more mobile telephones, digital cameras, digital media disks and computer, and such visual depictions were actually transported and transmitted using a means and facility of interstate and foreign commerce and which were in and affecting interstate and foreign commerce, contrary to Title 18, United States Code, Section 2251(a).

(Title 18, United States Code, Sections 2251(e), 2 and 3551 et seq.)

COUNT SEVEN
(Attempted Sexual Exploitation of a Child)

7.    On or about January 24, 2012, within the Eastern District of New York and elsewhere, the defendant JOSEPH VALERIO, together with others, did knowingly and intentionally attempt to employ, use, persuade, induce, entice and coerce a minor, to wit: Jane Doe #1, to engage in sexually explicit conduct, for the purpose of producing one or more visual depictions of such conduct, knowing and having reason to know that such visual depictions would be transported and transmitted using a means and facility of interstate and foreign commerce and which were in and affecting interstate and foreign commerce, which visual depictions were produced and transmitted using materials that had been mailed, shipped and transported in and affecting interstate and foreign commerce by any means, including by one or more mobile telephones, digital cameras,

digital media disks and computer, and such visual depictions were actually transported and transmitted using a means and facility of interstate and foreign commerce and which were in and affecting interstate and foreign commerce, contrary to Title 18, United States Code, Section 2251(a).

(Title 18, United States Code, Sections 2251(e), 2 and 3551 et seq.)

## COUNT EIGHT
(Attempted Sexual Exploitation of a Child)

8.   On or about March 28, 2012, within the Eastern District of New York and elsewhere, the defendant JOSEPH VALERIO, together with others, did knowingly and intentionally attempt to employ, use, persuade, induce, entice and coerce a minor, to wit: Jane Doe #1, to engage in sexually explicit conduct, for the purpose of producing one or more visual depictions of such conduct, knowing and having reason to know that such visual depictions would be transported and transmitted using a means and facility of interstate and foreign commerce and which were in and affecting interstate and foreign commerce, which visual depictions were produced and transmitted using materials that had been mailed, shipped and transported in and affecting interstate and foreign commerce by any means, including by one or more mobile telephones, digital cameras, digital media disks and computer, and such visual depictions were actually transported and transmitted using a means and facility of

interstate and foreign commerce and which were in and affecting interstate and foreign commerce, contrary to Title 18, United States Code, Section 2251(a).

      (Title 18, United States Code, Sections 2251(e), 2 and 3551 et seq.)

COUNT NINE
(Attempted Sexual Exploitation of a Child)

    9.    On or about April 4, 2012, within the Eastern District of New York and elsewhere, the defendant JOSEPH VALERIO, together with others, did knowingly and intentionally attempt to employ, use, persuade, induce, entice and coerce a minor, to wit: Jane Doe #1, to engage in sexually explicit conduct, for the purpose of producing one or more visual depictions of such conduct, knowing and having reason to know that such visual depictions would be transported and transmitted using a means and facility of interstate and foreign commerce and which were in and affecting interstate and foreign commerce, which visual depictions were produced and transmitted using materials that had been mailed, shipped and transported in and affecting interstate and foreign commerce by any means, including by one or more mobile telephones, digital cameras, digital media disks and computer, and such visual depictions were actually transported and transmitted using a means and facility of interstate

and foreign commerce and which were in and affecting interstate and foreign commerce, contrary to Title 18, United States Code, Section 2251(a).

(Title 18, United States Code, Sections 2251(e), 2 and 3551 et seq.)

## COUNT TEN
### (Attempted Sexual Exploitation of a Child)

10.    On or about July 16, 2012, within the Eastern District of New York and elsewhere, the defendant JOSEPH VALERIO, together with others, did knowingly and intentionally attempt to employ, use, persuade, induce, entice and coerce a minor, to wit: Jane Doe #1, to engage in sexually explicit conduct, for the purpose of producing one or more visual depictions of such conduct, knowing and having reason to know that such visual depictions would be transported and transmitted using a means and facility of interstate and foreign commerce and which were in and affecting interstate and foreign commerce, which visual depictions were produced and transmitted using materials that had been mailed, shipped and transported in and affecting interstate and foreign commerce by any means, including by one or more mobile telephones, digital cameras, digital media disks and computer, and such visual depictions were actually transported and transmitted using a means and facility of interstate

and foreign commerce and which were in and affecting interstate and foreign commerce, contrary to Title 18, United States Code, Section 2251(a).

(Title 18, United States Code, Sections 2251(e), 2 and 3551 et seq.)

## COUNT ELEVEN
(Attempted Sexual Exploitation of a Child)

11.    On or about July 22, 2012, within the Eastern District of New York and elsewhere, the defendant JOSEPH VALERIO, together with others, did knowingly and intentionally attempt to employ, use, persuade, induce, entice and coerce a minor, to wit: Jane Doe #1, to engage in sexually explicit conduct, for the purpose of producing one or more visual depictions of such conduct, knowing and having reason to know that such visual depictions would be transported and transmitted using a means and facility of interstate and foreign commerce and which were in and affecting interstate and foreign commerce, which visual depictions were produced and transmitted using materials that had been mailed, shipped and transported in and affecting interstate and foreign commerce by any means, including by one or more mobile telephones, digital cameras, digital media disks and computer, and such visual depictions were actually transported and transmitted using a means and facility of interstate

and foreign commerce and which were in and affecting interstate and foreign commerce, contrary to Title 18, United States Code, Section 2251(a).

(Title 18, United States Code, Sections 2251(e), 2 and 3551 et seq.)

## COUNT TWELVE
(Attempted Sexual Exploitation of a Child)

12.   On or about September 6, 2012, within the Eastern District of New York and elsewhere, the defendant JOSEPH VALERIO, together with others, did knowingly and intentionally attempt to employ, use, persuade, induce, entice and coerce a minor, to wit: Jane Doe #1, to engage in sexually explicit conduct, for the purpose of producing one or more visual depictions of such conduct, knowing and having reason to know that such visual depictions would be transported and transmitted using a means and facility of interstate and foreign commerce and which were in and affecting interstate and foreign commerce, which visual depictions were produced and transmitted using materials that had been mailed, shipped and transported in and affecting interstate and foreign commerce by any means, including by one or more mobile telephones, digital cameras, digital media disks and computer, and such visual depictions were actually transported and transmitted using a means and facility of

interstate and foreign commerce and which were in and affecting interstate and foreign commerce, contrary to Title 18, United States Code, Section 2251(a).

(Title 18, United States Code, Sections 2251(e), 2 and 3551 et seq.)

## COUNT THIRTEEN
(Attempted Sexual Exploitation of a Child)

13.   On or about September 27, 2012, within the Eastern District of New York and elsewhere, the defendant JOSEPH VALERIO, together with others, did knowingly and intentionally attempt to employ, use, persuade, induce, entice and coerce a minor, to wit: Jane Doe #1, to engage in sexually explicit conduct, for the purpose of producing one or more visual depictions of such conduct, knowing and having reason to know that such visual depictions would be transported and transmitted using a means and facility of interstate and foreign commerce and which were in and affecting interstate and foreign commerce, which visual depictions were produced and transmitted using materials that had been mailed, shipped and transported in and affecting interstate and foreign commerce by any means, including by one or more mobile telephones, digital cameras, digital media disks and computer, and such visual depictions were actually transported and transmitted using a means and facility of

interstate and foreign commerce and which were in and affecting interstate and foreign commerce, contrary to Title 18, United States Code, Section 2251(a).

(Title 18, United States Code, Sections 2251(e), 2 and 3551 et seq.)

<u>COUNT FOURTEEN</u>
(Sexual Exploitation of a Child)

14.   On or about and between September 10, 2010 and January 19, 2011, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant JOSEPH VALERIO did knowingly and intentionally employ, use, persuade, induce, entice and coerce a minor, to wit: Jane Doe #2, an individual whose identity is known to the Grand Jury, to engage in sexually explicit conduct, for the purpose of producing one or more visual depictions of such conduct, which visual depictions were produced and transmitted using materials that had been mailed, shipped and transported in and affecting interstate and foreign commerce by any means, to wit: one or more digital cameras, memory cards and computer equipment, and such visual depictions were actually transported and transmitted using a means and facility of interstate and foreign commerce and which were in and affecting interstate and foreign commerce.

(Title 18, United States Code, Sections 2251(a), 2251(e) and 3551 et seq.)

## COUNT FIFTEEN
(Possession of Child Pornography)

15.   On or about January 28, 2014, within the Eastern District of New York, the defendant JOSEPH VALERIO did knowingly and intentionally possess matter containing one or more visual depictions, to wit: images in digital files, in and affecting interstate and foreign commerce, and which visual depictions had been mailed, and shipped and transported using a means and facility of interstate and foreign commerce, and which were produced using materials which had been mailed, and so shipped and transported, the production of such visual depictions having involved the use of one or more minors engaging in sexually explicit conduct, and such visual depictions were of such conduct.

(Title 18, United States Code, Sections 2252(a)(4)(B), 2252(b)(2) and 3551 et seq.)