UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -                            14-CR-94 (S-2)(JFB)

JOSEPH VALERIO,

        Defendant.

- - - - - - - - - - - - - - - - - X

### Instructions Regarding Forfeiture Allegations

Ladies and gentlemen of the jury, I know you have labored long and hard, but in view of your verdict that the defendant JOSEPH VALERIO is guilty of the offenses charged in the Indictment, you have one more task to perform before you are discharged. In a case of this nature, the government has a right to seek forfeiture of certain property that is alleged to be related in certain ways to the offenses of which you have found the defendant guilty. Accordingly, you must render special verdicts concerning certain property that the government has alleged is subject to forfeiture to the United States.

In your consideration of the forfeiture allegation of the Indictment, you are instructed that your previous determination that the defendant is guilty of having committed the offenses alleged in the Indictment is final and conclusive. You must not seek to discuss or determine anew the guilt or innocence of the defendant.

All of the previous instructions regarding direct and

**COURT EXHIBIT**

*G*

circumstantial evidence, credibility of witnesses, and duty to deliberate, apply with respect to your verdicts regarding forfeiture.

### General Provisions

Pursuant to Title 18, United States Code, Section 2253(a), any person who is convicted of sexual exploitation of a child is required to forfeit to the United States: (a) any visual depiction described in Section 2251, 2251A, 2252, 2252A, 2252B or 2260 of Title 18, United States Code, and any book, magazine, periodical, film, videotape or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped and received in violation of the offense of conviction; (b) any property, real and personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and (c) any property, real and personal, used or intended to be used to commit or to promote the commission of such offense or property traceable to such property.

The purpose of the forfeiture laws is to prevent any person from persuading, inducing, enticing, or coercing any minor to engage in any sexually explicit conduct, and to prevent any person from assisting any other person to engage in any type of sexually explicit behavior for purposes of producing, transporting, or distributing any such images or visual depictions of such behavior.

### Definition of "Property" Subject to Forfeiture

Property may be subject to forfeiture whether or not the property has been seized by the United States.

In this case, the government seeks forfeiture of specific property that is subject to forfeiture as property that contains visual depictions of the sexual exploitation of children, and as property used or intended to be used to commit or to promote the commission of sexual exploitation of children.

The property includes:

    a.    One V Premier desktop computer, serial number P80003011134;

    b.    One 4 gigabyte SD Card, no serial number and

    c.    the real property and premises located at 3 High Gate Drive, Smithtown, New York 11787 together with its respective buildings, appurtenances, improvements, fixtures, attachments, easements ~~[redacted]~~, designated as District 473400, Section 50, Block 5 and Lot 23 on the Suffolk County Tax Map.

### Burden of Proof

It is the government's burden to establish what property contains visual depictions of the sexual exploitation of children, as previously defined in the offenses for which the defendant stands convicted, and what property was used or intended to be used to commit or to promote the commission of the defendant's offenses. You should find that the government has

met its burden if it has established the forfeitability of the defendant's property by a preponderance of the evidence. This is different from the standard that applied to the guilt or innocence of the defendant. At that stage of the case, the government was required to meet its burden beyond a reasonable doubt. At the forfeiture stage, however, the government need only establish the nexus and forfeitability of the property by preponderance of the evidence, and not "beyond a reasonable doubt."

What does a "preponderance of the evidence" mean? To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true. A preponderance of the evidence means the greater weight of the evidence, and it refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents. In determining whether a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.

If you find that the weight of the evidence on an issue tips, however slightly, in favor of the government, then you must decide that issue in favor of the government. On the other hand, if you find that the weight of the evidence on an issue tips in favor of the defendant, or that the weight of evidence is evenly

divided between the parties, then you must decide that issue in favor of the defendant. In other words, if the government proves to you that it is more likely than not that its view of the evidence on any particular issue is the truth, then you must decide that issue in favor of the government. If the government does not make the proof tip in its favor, then you must decide that issue in favor of the defendant.

The requirement of proof beyond a reasonable doubt, which I instructed you about in connection with the guilt phase of the case, does not apply during the forfeiture phase of the case, and you should put those instructions out of your mind.

### Facilitating Property

Facilitating property, which is subject to forfeiture, is any property used or intended to be used to facilitate the commission of the offense to intentionally employ, use, persuade, induce, entice and coerce a minor, including, but not limited to, sexual exploitation of a child and the possession of child pornography of which you have convicted the defendant. Facilitating property is any property that makes the crime easier to commit or harder to detect. If the use of the property made the crime harder to detect, it is subject to forfeiture.

The property need not be indispensable to the commission of the illegal activity. Nor does the property have to have been used by the defendant exclusively for this behavior to be forfeited; property that is used the vast majority of the time

for legitimate purposes may nevertheless be forfeited if is facilitating a criminal offense. The facilitation of even a single felony offense is sufficient to justify forfeiture.

### Forfeiture of Entire Property

The forfeiture statue provides that all real property used "or intended to be used" to commit or to facilitate the commission of the offenses of which the defendant has been convicted of is forfeitable. Thus even when only a part of the property is used illegally, the statute calls for forfeiture of the entire property. In reaching your determination of whether any part of the property was used illegally, you should not consider whether forfeiture of the entire property would be excessive or otherwise disproportionate to the criminal activity that the property was used to facilitate.

### Third-Party Interests

I further instruct you that in reaching your decision on forfeiture, you should not be concerned about what might happen to any property that you find to be forfeitable. In this connection, you should disregard any claims that any other persons or businesses -- whether family, friends, business associates, banks, or victims -- may have to the property. Those interests will be addressed at a later time.

### Excessiveness

Similarly, you are not to consider whether the forfeiture may be excessive or otherwise disproportionate to the

crimes of which you have convicted the defendant. In that regard, you should not give consideration to whether any property of the defendant has already been seized. This matter is one entrusted solely to the Court and, if appropriate, will be addressed at a later time.

### Unanimous Verdict

Your verdict that the alleged property is subject to forfeiture must be unanimous; that is, everyone must agree that the evidence presented proves, by a preponderance of the evidence, that the property in question contains visual depictions of the sexual exploitation of children, as previously defined in the offenses for which the defendant stands convicted, and/or was used or intended to be used to commit or to promote the commission of the defendant's offenses, or constitutes property traceable thereto.

### Applicability of Previous Instructions

The specific instructions I gave you earlier concerning the counts of the Indictment continue to apply. You are further admonished that, with one exception regarding the burden of proof, about which I have already instructed you, all of the instructions previously given to you concerning your consideration of the evidence, the credibility of witnesses and your duty to deliberate together, all continue to apply during your supplemental deliberations concerning the forfeiture allegations in the Indictment.

Also, while deliberating on these forfeiture matters, you may consider any evidence offered by the parties during the guilt phase and the forfeiture phase of the trial.

I will hand the Clerk for delivery to you copies of the special verdict form and ask that you retire again to the jury room and deliberate with respect to that special verdict form.